■ ROBERT M. WHITE, Respondent, v DOROSE HOLDING, Defendant and Third-Party Plaintiff-Appellant. ATLANTIC DETAIL ERECTORS, Third-Party Defendant-Appellant, et al., Third-Party Defendant. [627 NYS2d 457] —In an action to recover damages for personal injuries, the defendant third-party plaintiff Dorose Holding appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Hurowitz, J.), dated October 22, 1993, as, upon a jury verdict, is in favor of the plaintiff and against it in the principal sum of $191,500, and the third-party defendant Atlantic Detail Erectors separately appeals from so much of the same judgment as is in favor of the defendant third-party plaintiff and against it in a sum of up to $153,200.

Ordered that the judgment is reversed insofar as appealed from, on the law, with one bill of costs payable to the appellants appearing separately and filing separate briefs, and the complaint and third-party complaint are dismissed in their entirety.

The plaintiff was injured when his finger got caught in a wire choker while unloading sheets of metal decking from a flatbed truck. The sheets of decking were to be lifted from the truck using two wire chokers and a crane. After the plaintiff attached the choker to the metal, the crane began to lift the metal when the plaintiff's finger got caught in the choker. The plaintiff commenced the present action against the defendant Dorose Holding (hereinafter Dorose), the alleged owner of the premises, to recover damages pursuant to Labor Law § 240 (1). Dorose, in turn, commenced a third-party action against the plaintiff's employer Atlantic Detail Erectors (hereinafter Atlantic). After trial, the jury found Dorose liable solely under Labor Law § 240 (1). The jury also found that Atlantic was negligent in connection with the third-party action by Dorose for indemnification and/or contribution. We reverse and dismiss the complaint and the third-party complaint.

It is now well settled that Labor Law § 240 (1), which imposes absolute liability for violations of that provision, "is addressed to situations in which a worker is exposed to the risk of falling from an elevated worksite or being hit by an object falling

from an elevated worksite" *(Rocovich v Consolidated Edison Co.*, 167 AD2d 524, 526, *affd* 78 NY2d 509). Furthermore, "[i]n view of the strict liability imposed by Labor Law § 240 (1), the statutory language must not be strained in order to encompass what the Legislature did not intend to include" *(Schreiner v Cremosa Cheese Corp.*, 202 AD2d 657, 658). Since the metal did not fall on the plaintiff, and the plaintiff did not fall from an elevated worksite, Labor Law § 240 (1) does not apply and there is no basis on which the plaintiff can recover pursuant to that statute. Therefore, the trial court erred in directing that any judgment be entered against Dorose for the plaintiff's damages.

In light of these conclusions, we dismiss the complaint and the third-party complaint. As a result, we need not address the appellants' remaining contentions. Sullivan, J. P., Rosenblatt, O'Brien and Thompson, JJ., concur.