■ WILLIAM WENSLEY, Respondent, v ARGONOX CONSTRUCTION CORPORATION, Defendant and Third-Party Plaintiff-Appellant-Respondent, and GALESI GROUP, Appellant-Respondent. SKYWAY ROOFING OF TROY, INC., Third-Party Defendant-Respondent-Appellant. [644 NYS2d 355] —Mikoll, J. P.

In this case plaintiff was injured while working on a reroofing project as a member of a crew removing an old gypsum roof by sections. The roof had been constructed by placing a sheetrock deck over rafters upon which wire was laid and over which three to four inches of gypsum was poured. On the day of the accident plaintiff's supervisor, Frank Kruczkowski, used a cutter to cut the roofing material into sections approximately 3 feet by 3 feet and weighing 175 to 300 pounds; Kruczkowski was unable to cut through the layer of wire mesh, so plaintiff had to use wire cutters to cut the wire mesh.

The accident occurred after Kruczkowski had cut a section of roof. Plaintiff and co-worker Billy Deerfield tipped the piece up on its side on a rafter, and plaintiff placed the fingers of his right hand through the wire mesh. Plaintiff then reached back to grab the cutters to cut the wire mesh when Deerfield apparently let go of the piece and plaintiff, feeling the piece about to fall, tightened his grip. However, the piece fell downward between the rafters, stretching plaintiff's arm before he could let go and causing the injury to his right arm. The injury was serious and he was unable to return to work.

The premises in question were owned by Scotia Industrial

Park, Inc. (hereinafter Scotia). Francesco Galesi owned Scotia under the assumed name Galesi Group. Skyway contracted with defendant Argonox Construction Corporation to reroof certain buildings at Scotia. Argonox was formed exclusively to act as contractor for the reroofing project, and to do construction work for other corporations under the Galesi Group name. Plaintiff was employed by third-party defendant, Skyway Roofing of Troy, Inc. (hereinafter Skyway).

Plaintiff commenced this action seeking damages for his injuries based upon defendants' alleged violations of Labor Law §§ 200, 240, 241 (6) and common-law negligence. Argonox and Galesi Group cross-claimed against each other for indemnification/contribution and Argonox filed a third-party complaint against Skyway for indemnification/contribution. Galesi Group cross-claimed against Skyway for indemnification/contribution and Skyway counterclaimed against both Argonox and Galesi Group to recover amounts paid by Skyway to workers' compensation and for medical benefits should plaintiff succeed, as well as for indemnification/contribution. The parties made various motions.

Supreme Court, in an order entered July 13, 1994, denied defendants' motions to dismiss plaintiff's Labor Law claims (first and second causes of action), but granted the motions as they pertained to plaintiff's negligence claim (third cause of action). Supreme Court also denied without prejudice Argonox's motion for summary judgment on its third-party complaint, ruling it premature. Argonox, Galesi Group and Skyway each appeal.

Subsequently, Supreme Court, by a supplemental order, disposed of those aspects of the prior motions concerning indemnification not addressed in the prior order. Argonox, Galesi Group and Skyway also appeal from this order.

Argonox, Galesi Group and Skyway contend that Supreme Court erred in holding that Labor Law § 240 (1) is applicable to the facts of this case and in not dismissing the complaint herein because that section applies only to persons falling from a height or to objects falling from above onto a person. We reject this argument. In our view the instant accident fits within the ambit of Labor Law § 240 (1) as the harm *"directly [flowed] from the application of the force of gravity to an object or person"* (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501). The instant piece of roof fell through the rafters 18 to 20 feet above the ground and the harm to the worker flowed from the force of gravity. It was the elevation differential which caused plaintiff's arm to be violently stretched. Here, the eleva-

tion differential distinguishes this case factually from cases such as *Misseritti v Mark IV Constr. Co.* (86 NY2d 487) and *Hunter v BTC Block 17/18* (210 AD2d 968, 969).

Defendants' argument, that plaintiff's claim asserted in the second cause of action based on a violation of Labor Law § 241 (6), should be dismissed because plaintiff does not allege violations of specific regulations, is persuasive. It is well settled that a claim made pursuant to Labor Law § 241 (6) must allege violations of specific regulations (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 878; *Ross v Curtis-Palmer Hydro-Elec. Co., supra*, at 502; *McCole v City of New York*, 221 AD2d 605, 606; *Narrow v Crane-Hogan Structural Sys.*, 202 AD2d 841, 842). The allegations of violations of general safety standards, such as appear in this case, will not withstand a motion for summary judgment (*see, Narrow v Crane-Hogan Structural Sys., supra*, at 842). We reject plaintiff's assertion that reading Labor Law § 241 (6) in conjunction with Labor Law § 240 (requiring devices such as hoists and stays) renders unnecessary allegations of violations of specific statutory regulations. Consequently, plaintiff's second cause of action should be dismissed.

Argonox's contention that because Supreme Court dismissed plaintiff's cause of action in common-law negligence it should also dismiss plaintiff's Labor Law § 200 claim, which is based on the same acts of common-law negligence as alleged under Labor Law § 200, is persuasive (*see, Ross v Curtis-Palmer Hydro-Elec. Co., supra*, at 505; *see also, Dunham v Hilco Constr. Co.*, 221 AD2d 586, 587). In the instant case, plaintiff has not appealed from Supreme Court's dismissal of his common-law negligence cause of action.

Finally, Argonox's claim that Supreme Court improperly denied its motion for summary judgment on its third-party complaint as premature is without merit. Skyway's agreement with Argonox requires Skyway to indemnify Argonox for damages due to personal injury where the damages are caused by Skyway's negligence. No finding of negligence on the part of the indemnitor Skyway has yet been made (*see, Cichon v Brista Estates Assocs.*, 193 AD2d 926, 927-928; *Edwards v International Bus. Machs. Corp.*, 174 AD2d 863, 865). Further, as there is an issue of fact whether Argonox exercised control over the work site through Wilson Young, the motion was properly denied as it relates to common-law indemnity (*see, Stimson v Lapp Insulator Co.*, 186 AD2d 1052, 1053).

Casey and Peters, JJ., concur.

White, J. (concurring in part and dissenting in part). Al-

though we concur with the majority that plaintiff's claim based on a violation of Labor Law § 241 (6) should be dismissed, we disagree with the finding that Labor Law § 240 (1) is applicable to the facts of this case. In this instance plaintiff, while removing a portion of an old roof, sustained injuries to his right arm when he attempted to hold onto a section of the roofing as it fell from his grasp to the ground below. Here, the injuries sustained by plaintiff did not result from either a fall from an elevated height or being struck by an object falling from an elevated site and thus did not result from an elevated-related risk within the meaning of the statute (see, *Allen v Hodorowski & DeSantis Bldg. Contrs.*, 220 AD2d 959; *White v Dorose Holding*, 216 AD2d 290, *lv denied* 87 NY2d 806; *Kelleher v Power Auth.*, 211 AD2d 918).

Although we acknowledge that the statute is to be construed liberally, under the holdings of *Ross v Curtis-Palmer Hydro-Elec. Co.* (81 NY2d 494) and *Rocovich v Consolidated Edison Co.* (78 NY2d 509), we find that this injury, although connected in a tangential way to the effects of gravity, is not an elevated-related risk of the type intended to be covered by Labor Law 240 (1).

Therefore, we would dismiss plaintiff's second cause of action.

Crew III, J., concurs. Ordered that the order entered July 13, 1994 is modified, on the law, without costs, by reversing so much thereof as denied the motions regarding the second cause of action in the complaint; motions granted to that extent and said cause of action dismissed; and, as so modified, affirmed. Ordered that the order entered December 23, 1994 is affirmed, without costs.