(April 22, 1997)

■ Joseph M. Sasso et al., Respondents, v NYMED, Inc., et al., Appellants. [656 NYS2d 509] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Kahn, J.), entered May 28, 1996 in Albany County, which, *inter alia*, granted plaintiffs' motion for partial summary judgment on the issue of liability.

Plaintiff Joseph M. Sasso (hereinafter plaintiff) was injured while installing sheetrock at a construction site owned by defendant NYMED, Inc. At the time of the accident, plaintiff was working for M.R. Drywall, Inc.; Pizzagalli Construction Company was the general contractor for the project, which involved the construction of a nursing home in the Town of Ulster, Ulster County. Plaintiff and his wife, derivatively, seek to recover for injuries he assertedly sustained when, while standing on a scaffold device, he tried, unsuccessfully, to prevent a large piece of sheetrock that he had been attempting to install from falling to the ground below.

After issue was joined, plaintiffs moved for summary judgment and defendants cross-moved for dismissal of the complaint, which alleges Labor Law violations and common-law negligence. Supreme Court, focusing on the Labor Law § 240 (1) claim, granted plaintiffs' motion and denied defendants' cross motion, prompting this appeal.

Labor Law § 240 (1), which "was designed to prevent those types of accidents in which the * * * protective device proved

inadequate to shield the injured worker *from harm directly flowing from the application of the force of gravity to an object or person*" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [emphasis in original]), is applicable. Plaintiff ostensibly hurt his back when, in the course of installing a large piece of sheetrock above his head, he reached out to grab the sheet as it began to fall, and was pulled into, and partially over, the railing of the scaffold on which he was standing. Hence, the accident in question was the direct consequence of the application of gravity to the sheetrock, which, having been inadequately hoisted or secured, posed a special hazard because "of a difference between the elevation level of the required work and a lower level" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514; *see, Sheridan v Beaver Tower*, 229 AD2d 302, 303-304, *lv dismissed* 89 NY2d 860).

The fact that plaintiff did not himself fall is not dispositive, for while the scaffold shielded him from the risk posed by the location of his worksite some six feet above the ground, it did not protect him from the distinctly separate, elevation-related hazard created by the need to suspend a 50-pound piece of sheetrock above his head (*see, Wensley v Argonox Constr. Corp.*, 228 AD2d 823, 825, *lv dismissed* 89 NY2d 861; *cf., Barnaby v A. & C. Props.*, 188 AD2d 958, 959). Nor is it significant that the falling object itself did not strike or crush him; it is enough that his injury was a foreseeable consequence of defendants' failure to provide and place a proper protective device where one was called for (*see, Mattison v Wilmot*, 228 AD2d 991, 992-993, *lv dismissed* 89 NY2d 917; *cf., Gordon v Eastern Ry. Supply*, 82 NY2d 555, 561-562). Bearing in mind that Labor Law § 240 (1) is to be "liberally" construed (*see, Rocovich v Consolidated Edison Co., supra*, at 513), we are not inclined to say that Supreme Court erred in granting summary judgment on the issue of liability on this cause of action.

Plaintiff's remaining claims should, however, have been dismissed. The Labor Law § 200 and negligence causes of action fail, for there is no evidence refuting defendants' prima facie showing that they did not exercise control over the methods or materials plaintiff used to complete his work (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877; *Dewitt v Pizzagalli Constr. Co.*, 183 AD2d 991, 992-993). The Labor Law § 241 (6) claim is also unavailing, because plaintiff has not demonstrated that the violation of any specific regulatory directive (*see, Ross v Curtis-Palmer Hydro-Elec. Co., supra*, at 505; *McMahon v Durst*, 224 AD2d 324) contributed to the happening of the subject accident. Plaintiffs have not identified

any particular aspect of the design or construction of the scaffold or its safety railing that was deficient (*see,* 12 NYCRR 23-1.15, 23-5.1); no lifeline or safety belt was in use, and the record does not reflect how that type of apparatus might have prevented the accident (*see,* 12 NYCRR 23-1.16). As for the regulations regarding the use of stilts and welding or flame-cutting operations, they are simply inapplicable (*see,* 12 NYCRR 23-1.25 [d]; 23-5.22 [c]). Lastly, plaintiffs have neither alleged nor proven facts sufficient to demonstrate a breach of Labor Law § 240 (2) or § 240 (3).

Mikoll, J. P. and Peters, J., concur.

Crew III, J. (concurring).

I concur upon constraint of this Court's prior decision in *Wensley v Argonox Constr. Corp.* (228 AD2d 823, *lv dismissed* 89 NY2d 861).

Mercure, J. (concurring in part and dissenting in part).

Because I conclude that Supreme Court should have granted defendants' cross motion in its entirety, I am constrained to dissent from so much of the majority's determination as would impose liability under Labor Law § 240 (1).

Patently, despite the fact that plaintiff Joseph M. Sasso (hereinafter plaintiff) was working on a scaffold at the time he injured his back, his injuries did not result from "an elevation-related" risk within the purview of Labor Law § 240 (1) (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 500-501; *Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 513-515). In reaching a contrary conclusion, it is my view that this Court once again commits the error it made in *Ross v Curtis-Palmer Hydro-Elec. Co.* (180 AD2d 385, 390, *mod* 81 NY2d 494, *supra*) by imposing section 240 liability in a case where the injuries did not result from the "special hazards" of falling workers or objects (*see, Misseritti v Mark IV Constr. Co.,* 86 NY2d 487, 490; *Rocovich v Consolidated Edison Co., supra,* at 513-514; *compare, Wensley v Argonox Constr. Corp.,* 228 AD2d 823, *lv dismissed* 89 NY2d 861; *Mattison v Wilmot,* 228 AD2d 991, *lv dismissed* 89 NY2d 917). Here, the scaffold plaintiff used was equipped with a secure railing, which completely fulfilled its function of preventing plaintiff from falling. As for the claim that the scaffold was improperly placed and caused or contributed to plaintiff being pulled or yanked by the falling sheetrock, I merely note the language of *Ross* that: "The right of recovery afforded by the statute does not extend to other types of harm, even if the harm in question was caused by an inadequate, malfunctioning or defectively designed scaffold, stay or hoist" (*Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 501).

I would dismiss all of plaintiffs' claims.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the cross motion with regard to the second, third, fourth and sixth causes of action, and so much of the seventh cause of action as alleges a violation of Labor Law §§ 200 and 241 (6); cross motion granted to that extent, partial summary judgment awarded to defendant and said claims are dismissed; and, as so modified, affirmed.