■ SALVATORE DEL VECCHIO et al., Appellants, v STATE OF NEW YORK, Respondent. [667 NYS2d 401] —In a claim to recover damages for personal injuries, etc., the claimants appeal, as limited by their brief, from so much of an order of the Court of Claims (Mega, J.), entered January 23, 1996, as denied that branch of their motion which was for partial summary judgment on their Labor Law § 240 (1) claim and granted that branch of the defendant's cross motion which was for summary judgment dismissing that claim.

Ordered that the order is affirmed insofar as appealed from, with costs.

The claimant Salvatore Del Vecchio was injured while working on the construction of the North Channel Bridge over Jamaica Bay. On September 10, 1992, Del Vecchio and several co-workers were using a hose to pour concrete while standing on unsecured planking, without safety devices, approximately 10 feet above the water. The hose began to vibrate and one of the claimant's co-workers fell into the water. Del Vecchio descended to a concrete column about three feet above the surface of the water, and, lying on his stomach, reached for his co-worker. Another worker then jumped on Del Vecchio's back,

apparently to prevent him from falling into the water as well. The co-worker was pulled from the water, but, as a result of the incident, Del Vecchio sustained back injuries. He and his wife commenced this claim against the State of New York, the owner of the easement and right-of-way for the construction of the bridge, asserting claims, *inter alia,* for common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6). The Court of Claims granted the defendant summary judgment dismissing the Labor Law § 240 (1) claim.

The court properly concluded that the claimants do not have a cause of action under Labor Law § 240 (1). Labor Law § 240 (1) was enacted to provide "exceptional protection" for workers exposed to the "special hazards" of an elevated worksite (*see, Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 514). Special hazards do not include all perils related to the effects of gravity, but rather "are limited to such specific gravity-related accidents as falling from a height or being struck by a falling object that was * * * inadequately secured" (*Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 501). In this case it was not Del Vecchio but a co-worker who fell and suffered "harm directly flowing from the application of the force of gravity to an object or person" (*Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 501). Since the injured claimant did not sustain a gravity-related injury, recovery cannot be based on Labor Law § 240 (1) (*see, White v Dorose Holding,* 216 AD2d 290).

Contrary to the claimants' contention and the conclusion reached by the dissent, the "danger invites rescue" doctrine is not applicable to the Del Vecchios' Labor Law § 240 (1) claim. That doctrine has generally been applied when a defendant negligently injures or imperils another and a third person is injured coming to the aid of the person in jeopardy (*see, Guarino v Mine Safety Appliance Co.,* 25 NY2d 460, 463). Applicability of the doctrine was extended to breach of warranty actions by the Court of Appeals, which found no significant distinction between negligence and breach of warranty theories, since a breach of warranty and an act of negligence are both wrongful, tortious acts (*see, Guarino v Mine Safety Appliance Co., supra,* at 464).

Labor Law § 240 (1), however, imposes a nondelegable duty on owners and contractors, and absolute liability for violation of that duty. Consequently, an owner may be liable under the statute although it did not exercise any supervision or control over the worksite, i.e., irrespective of its actual wrongdoing (*see, Rocovich v Consolidated Edison Co., supra,* at 513). The nature of a Labor Law § 240 (1) claim is therefore distinguish-

able from that of a negligence or breach of warranty cause of action asserted against a defendant, who, by his or her own fault, places a person in peril.

In view of the absolute liability imposed by Labor Law § 240 (1), the statutory language must not be expanded to include what the Legislature did not intend (*see, White v Dorose Holding, supra,* at 291). To apply the "danger invites rescue" doctrine to the Del Vecchios' Labor Law § 240 (1) claim would, in effect, extend the owner's nondelegable duty to a person who was not injured by the particular hazard the statute was designed to guard against (*see, Misseritti v Mark IV Constr. Co.,* 86 NY2d 487, 491).

In concluding that our decision robs the doctrine of "danger invites rescue" of all vitality and permits the defendant to "escape liability", the dissent misconstrues our limited holding. The claimants still have viable claims in this case to recover damages for common-law negligence and for violations of other provisions of the Labor Law, and are not precluded from asserting the danger invites rescue doctrine in connection with those claims. We simply hold that the claimants do not have a cause of action under Labor Law § 240 (1) and that the danger invites rescue doctrine is not applicable to a Labor Law § 240 (1) claim. Our determination is based on the nature of the liability imposed by Labor Law § 240 (1) and the statute's limited applicability to specific gravity-related injuries, not, as the dissent suggests, on the fact that the statute does not expressly refer to rescuers. Altman, J. P., Krausman and Goldstein, JJ., concur.

Luciano, J., dissents and votes to reverse the order insofar as appealed from, with the following memorandum in which Friedmann, J., concurs. The issue of whether an owner or contractor who violates Labor Law § 240 (1) is liable to the rescuer of one directly imperiled by such violation is presented to us for the first time.

The injured claimant, Salvatore Del Vecchio, and his co-workers were standing at an elevated height above a waterway on two unsecured, nine-inch wide planks, without the benefit of any safety devices to afford proper protection, when danger invited rescue. There was, ineluctably, a failure by the defendant, the State of New York, to comply with the mandate of Labor Law § 240 (1) to furnish or erect "scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be constructed, placed and operated as to give proper protection" to the workers at this elevated worksite.

While the majority acknowledges the existence of a violation of Labor Law § 240 (1) by the defendant which imperiled a co-worker of the injured claimant, it concludes that such violation could not also imperil the injured claimant. However, on the basis of legislative intent, public policy, and simple logic, the "danger invites rescue" doctrine should be applied to benefit the rescuer of one who is imperiled by a violation of Labor Law § 240 (1). I am, therefore, respectfully constrained to dissent from the majority's opinion.

Liability should be imposed upon the defendant arising out of the breach of its statutory duty. A co-worker's fall from an elevated worksite, a gravity-related risk, led directly to the injuries sustained by the injured claimant. To countenance the idea that the defendant should escape liability to a successful rescuer, injured in the course of a reasonable rescue of his fellow co-worker, is to ignore the realities of human conduct and activities occurring daily at a construction worksite. By its conclusion that there is no liability in these circumstances, the majority ignores the stated purpose of Labor Law § 240 (1) as articulated by the Court of Appeals, which has observed: "The import of Labor Law § 240 (1) is undeniably salutary, requiring owners and contractors to provide proper protection to workers employed on a construction site" (*Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 490).

The statute "imposes absolute liability on owners, contractors and their agents for any breach of the statutory duty which has proximately caused injury" (*Gordon v Eastern Ry. Supply*, 82 NY2d 555, 559). The Court of Appeals has clearly articulated that the legislative purpose behind the statute is to protect "workers by placing 'ultimate responsibility for safety practices * * * where such responsibility actually belongs, on the owner and general contractor' (1969 NY Legis Ann, at 407), instead of on workers, who 'are scarcely in a position to protect themselves from accident' " (*Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 520; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513; *Koenig v Patrick Constr. Corp.*, 298 NY 313, 318). A finding that the claimants are entitled to recover damages in these circumstances is wholly consistent with those legislative purposes.

Moreover, "[i]t is settled that section 240 (1) ' "is to be construed as liberally as may be for the accomplishment of the purpose for which it was thus framed" ' " (*Rocovich v Consolidated Edison Co., supra*, at 513, quoting *Quigley v Thatcher*, 207 NY 66, 68; *Koenig v Patrick Constr. Corp., supra; accord, e.g., Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 520-521, *supra*).

The majority, however, unnecessarily restricts the reach of Labor Law § 240 (1) by concluding that the statutory duty obligor is not liable to an injured co-worker who rescues the direct victim of the obligor's breach of its statutory duty. This paradoxical conclusion finds support solely in the failure of the section to mention "rescuers". Although the legislative language does not expressly refer to "co-workers" who come to the rescue of an imperiled worker, logic dictates inclusion of such co-workers as they too are workers.

Significantly, the statute requires that the contractors and owners must provide adequate safety devices "placed and operated as to give proper protection to a *person* so employed" (emphasis added). The word "person" does not exclude the rescuer/co-worker; rather, the word suggests that the Legislature intended to include all workers at an elevated site. To reach a contrary conclusion is to employ an overly-literal interpretation of Labor Law § 240 (1).

Further, the Legislature imposed strict liability for a breach of Labor Law § 240 (1), suggesting that the majority's decision, which narrows the responsibility for the consequences of a breaching party's wrong, is contrary to legislative intent. Although Labor Law § 240 (1) does not expressly state that liability extends to "rescuers", it cannot reasonably be concluded that the Legislature's failure to expressly refer to "rescuers" is indicative of a legislative intent to exclude the "danger invites rescue" doctrine in these circumstances.

Nevertheless, this dissent is not intended to expand Labor Law § 240 (1) and bring under its mantle individuals who are not workers or co-workers. Rather, it is intended to instill vitality into the bare, generalized words of the statute to include foreseeable events occurring in the workplace.

In *Wagner v International Ry. Co.* (232 NY 176, 180), the Court of Appeals explained: "Danger invites rescue. The cry of distress is the summons to relief. The law does not ignore these reactions of the mind in tracing conduct to its consequences. It recognizes them as normal. It places their effects within the range of the natural and probable. The wrong that imperils life is a wrong to the imperiled victim; it is a wrong also to his rescuer. The state that leaves an opening in a bridge is liable to the child that falls into the stream, but liable also to the parent who plunges to its aid (*Gibney* v. *State of N. Y.,* 137 N. Y. 1). The railroad company whose train approaches without signal is a wrongdoer toward the traveler surprised between the rails, but a wrongdoer also to the bystander who drags him from the path (*Echert* v. *L. I. R. R. Co.,* 43 N. Y. 502. Cf., *Mat-*

*ter of Waters* v. *Taylor Co.,* 218 N. Y. 248) * * * The risk of rescue, if only it be not wanton, is born of the occasion. The emergency begets the man. The wrongdoer may not have foreseen the coming of the deliverer. He is accountable as if he had (*Ehrgott* v. *Mayor, etc., of N. Y.,* 96 N. Y. 264, 280, 281)" (*accord, Roth v City of New York,* 130 AD2d 732).

The language of Labor Law § 240 (1) is silent in defining or limiting the activity engaged in by workers or the class of worker to whom liability extends. It is not, therefore, material whether it is the victim who is directly imperiled, or a coworker who leaps to the rescue and is indirectly imperiled. Even in the absence of such further definition, the legislative intent is still amply clear: "The Labor Law was enacted for the sole purpose of protecting workmen" (1969 NY Legis Ann, at 407). Thus, it is logical to apply the "danger invites rescue" doctrine to the present circumstances. The wrong to the imperiled victim is also a wrong to his or her rescuer. The confluence of sound public policy and the force of logic mandate that the claimants herein be beneficiaries of the legislative intent of Labor Law § 240 (1).

Certainly, the facts in *Wagner v International Ry. Co. (supra)* are analogous to those before this Court. There the victim was thrown from a moving elevated railway car, the doors of which had not been closed by the conductor. While searching for the victim in the darkness of the night, the plaintiff rescuer walked along a trestle up to a bridge, missed his footing and fell, suffering injuries. The wrong alleged was an act of common-law negligence to which the Court of Appeals applied the "danger invites rescue" doctrine. As the majority noted, the Court of Appeals extended the applicability of the doctrine to breach of warranty actions, finding no distinction between a negligent act and a breach of warranty (*see, Guarino v Mine Safety Appliance Co.,* 25 NY2d 460, 464).

In distinguishing a violation of Labor Law § 240 (1) from other breaches of duty, the majority observes that an act of common-law negligence and a breach of warranty are both wrongful and tortious acts which may constitute predicate culpable conduct justifying the implementation of the "danger invites rescue" doctrine. Noting, however, that Labor Law § 240 (1) imposes a nondelegable duty and absolute liability on owners and contractors for violation of that duty, the majority opines, without more, that the "danger invites rescue" doctrine does not apply when the predicate culpable conduct is a violation of Labor Law § 240 (1).

The failure to provide proper protection in accordance with

Labor Law § 240 (1) is, nevertheless, a "wrong" for which the Legislature has established strict liability, and, as such, it is indistinguishable from the wrongs of breaches of warranty and acts of common-law negligence. The fact that the Legislature has imposed strict liability for a breach of Labor Law § 240 (1) is an unequivocal sign of its intention to insure that owners and general contractors are held accountable where they have not set in place proper safeguards to prevent foreseeable injury arising from an elevation-related or gravity-related risk.

The Court of Appeals wisely stated in *Guarino v Mine Safety Appliance Co.* (25 NY2d 460, 464, *supra*):

"We do not believe that the theory of the action, whether it be negligence or breach of warranty, is significant where the doctrine of 'danger invites rescue' applies. A breach of warranty and an act of negligence are each clearly wrongful acts. Both terms are synonymous as regards fixation of liability, differing primarily in their requirements of proof.

"As we recently held in *Provenzo* v. *Sam* (23 N Y 2d 256, 260), the rescue doctrine should be applied when 'one party *by his culpable act* has placed another person in a position of imminent peril which invites a third person, the rescuing plaintiff, to come to his aid.'"

Similarly, in the present case the defendant cannot limit its liability because the underlying wrong, a violation of Labor Law § 240 (1), created the occasion for the injured claimant to leap to rescue a co-worker. "To require that a rescuer answering the cry for help make inquiry as to the nature of the culpable act that imperils someone's life would defy all logic" (*Guarino v Mine Safety Appliance Co., supra,* at 464).

By concluding that the defendant is not liable herein because it was a co-worker rather than the injured claimant who fell and suffered harm directly flowing from the force of gravity to an object or person, the majority misperceives the nature of the "danger invites rescue" doctrine. The majority suggests that to incur liability to the rescuer, the wrongdoer's act or omission must be a direct breach of a duty to the injured rescuer. Of course, if that was required, the "danger invites rescue" doctrine would lose all vitality in every situation regardless of the underlying wrong. The right to recovery would then have to stand or fall on whether there was a direct breach of duty by the wrongdoer to the rescuer.

However, the "danger invites rescue" doctrine does not require that the rescuer's injuries arise in the same manner as that which injured or threatened the imperiled victim. "Recovery may be had under the doctrine of danger invites

rescue when 'one party by culpable act has placed another person in a position of imminent peril which invites a third person, the rescuing plaintiff, to come to his aid' (*Provenzo* v. *Sam,* 23 N Y 2d 256, 260)" (*Rucker v Andress,* 38 AD2d 684).

Foolhardy or reasonable in the light of the emergency presented, the characterization of the rescuer's conduct is ordinarily a question of fact for a jury. The injured rescuer, who acts in response to the emergency circumstance, stands in the imperiled victim's place. The injured rescuer is the imperiled victim's alter ego for the purpose of establishing whether the party alleged to be culpable should incur liability. The rescuer's right to recover from the wrongdoer rests upon the breach of duty owed to the imperiled victim, which foreseeably leads to the rescuer's injuries sustained in the course of the rescue.

Furthermore, the violation of Labor Law § 240 (1) by the defendant, when viewed in the matrix of the workplace, is a foreseeable proximate cause of the injuries sustained by the claimant. In *Gordon v Eastern Ry. Supply* (82 NY2d 555, *supra),* the Court of Appeals discussed the circumstances of when a failure to comply with the mandate of Labor Law § 240 (1) constitutes a proximate cause of an injury. The rationale of the Court of Appeals in that case is even more persuasive under the facts of the present case to establish liability of the defendant to the injured rescuer herein.

It is well settled that a wrongdoer is charged with having foreseen the intervention of a rescuer (*see, Wagner v International Ry. Co., supra,* at 180). In applying the ordinary rules of foreseeability to determine liability for violations of Labor Law § 240 (1) the Court of Appeals said in *Gordon v Eastern Ry. Supply (supra,* at 562): "Defendants are liable for all normal and foreseeable consequences of their acts. To establish a prima facie case plaintiff need not demonstrate that the precise manner in which the accident happened or the injuries occurred was foreseeable; it is sufficient that he demonstrate that the risk of some injury from defendants' conduct was foreseeable."

It is unquestionable under the facts of this case that the defendant's failure to provide adequate and safe scaffolding led to the fall of the injured claimant's co-worker. Certainly, it was foreseeable that when the worker fell into Jamaica Bay, a fellow worker would help him. In contrast to the majority, I do not view the imposition of liability in this circumstance as extending the strict liability under Labor Law § 240 (1) to a hazard outside its intended scope. The hazard in issue was the fall of a worker from an elevated height. Liability for the

rescuer's injury arises as a natural and foreseeable consequence of that hazard. The wrong that imperils life is a wrong to the imperiled victim as well as a wrong to his or her rescuer. To so opine does not broaden and expand Labor Law § 240 (1), but actualizes the full import of the legislative intent. In reaching a different conclusion, the majority has circumscribed the scope of Labor Law § 240 (1), thus creating a limitation or exception to the strict liability which the Legislature never intended to impose (*see, Haimes v New York Tel. Co.,* 46 NY2d 132).

This is in no way an attempt by this dissent to insert a *casus omissus* into the statute. The "danger invites rescue" doctrine is a basic, well-established doctrine of law, logically and naturally applied in this case. The absence in the statute of a reference to rescuers or rescuing co-workers is no indication whatsoever that the Legislature intended that rescuers should be precluded from recovery in a case such as this.

Accordingly, I would reverse so much of the order of the Court of Claims as denied the motion of the claimants for partial summary judgment on their Labor Law § 240 (1) claim and granted that branch of the cross motion by the defendant which was for summary judgment dismissing that claim.