■ WENDELL K. BUTLER, SR., Respondent, v COUNTY OF CHAUTAUQUA, Appellant, et al., Defendant. [689 NYS2d 577] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied the motion of defendant County of Chautauqua (County) for summary judgment dismissing the complaint against it. Plaintiff, an employee of third-party defendant, Holmes and Murphy, Inc., was working on repaving a County highway when his foot was run over by his employer's roller. Plaintiff testified at his deposition that his attention was distracted from the roller because he was

warning a pedestrian not to step into its path. Plaintiff commenced this action alleging violations of Labor Law § 241 (6) and § 200, as well as common-law negligence.

With respect to Labor Law § 241 (6), we agree with the County that 12 NYCRR 23-1.33 (b) (2) has no application here because the highway construction did not interrupt a sidewalk or other public thoroughfare. We conclude, however, that 12 NYCRR 23-1.33 (b) (1) (i), providing for protection of pedestrians on sidewalks adjacent to work areas, is applicable, and is sufficiently specific to impose a duty under Labor Law § 241 (6) (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505). While that regulation is for the protection of pedestrians rather than workers, there is a question of fact whether plaintiff may recover for the alleged breach of the County's duty to pedestrians under the "danger invites rescue" doctrine (*see, Guarino v Mine Safety Appliance Co.*, 25 NY2d 460, 463-464; *Provenzo v Sam*, 23 NY2d 256, 260; *Wagner v International Ry. Co.*, 232 NY 176).

With respect to Labor Law § 200 and common-law negligence, plaintiff may also invoke the rescue doctrine. Thus, the court properly denied that part of the County's motion for summary judgment dismissing those claims and properly granted plaintiff's motion for leave to amend the bill of particulars to assert a breach of the duty imposed on the County by Highway Law § 139. While those protected by that statute are pedestrians and not construction workers (*see, Lopes v Rostad*, 45 NY2d 617, 624), plaintiff may rely upon the alleged breach of the County's duty to such persons as the basis for invoking the rescue doctrine (*see, Guarino v Mine Safety Appliance Co., supra*, at 463; *Provenzo v Sam, supra*, at 260; *Wagner v International Ry. Co., supra*, at 180; *cf., Del Vecchio v State of New York*, 246 AD2d 498, 500). (Appeal from Order of Supreme Court, Chautauqua County, Gerace, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Hurlbutt, JJ.