■ CLIFTON J. BRINSON et al., Appellants-Respondents, v KULBACK's & ASSOC., INC., et al., Respondents and Third-Party Plaintiffs-Respondents, et al, Defendants. MANDON BUILDING SYSTEMS, INC., Third-Party Defendant-Respondent-Appellant. [744 NYS2d 621] —Appeal and cross appeal from those parts of an order of Supreme Court, Niagara County (Fricano, J.), entered April 18, 2001, that, inter alia, granted that part of the motion of third-party defendant seeking summary judgment dismissing the Labor Law § 240 (1) claim against defendants Kulback's & Assoc., Inc. and Kulback's Construction, Inc. and denied that part of the motion of third-party defendant seeking summary judgment dismissing the third-party complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying that part of the motion of third-party defendant seeking summary judgment dismissing the Labor Law § 240 (1) claim against defendants Kulback's & Assoc., Inc. and Kulback's Construction, Inc. and reinstating that claim against them and by granting that part of the motion of third-party defendant seeking summary judgment dismissing the cause of action in the third-party complaint for common-law indemnification and dismissing that cause of action and as modified the order is affirmed without costs.

Memorandum: Supreme Court erred in granting that part of the motion of third-party defendant, Mandon Building Systems, Inc. (Mandon), seeking summary judgment dismissing the Labor Law § 240 (1) claim against Kulback's & Assoc., Inc. (Kulback's & Assoc.) and Kulback's Construction, Inc. (Kulback's Construction) (collectively, defendants). Clifton J. Brinson (plaintiff) was employed by Mandon as a foreman on the construction of a Walgreen's drugstore, assisting in the dismantling of exterior scaffolding. No safety devices such as ropes or pulleys were being used; the workers were dismantling the scaffolding by hand. Plaintiff was standing on the ground and coworkers on the second or third level of the scaffold were handing him planks that were 2 inches thick, 12 inches wide and 16 feet long. Each plank weighed approximately 50 pounds. Plaintiff would grab a plank and stack it on the ground. At one point, plaintiff became distracted because his coworkers on the scaffold began yelling. In looking around to determine why his coworkers were yelling, he observed that employees of Kulback's & Assoc. were operating heavy equipment too close to the base of the scaffolding. While plaintiff's attention was diverted, a coworker located above plaintiff released the end of a plank that plaintiff was not prepared to receive. The plank struck plaintiff between the neck and shoulder.

The court erred in granting that part of Mandon's motion with respect to the Labor Law § 240 (1) claim because there is a triable issue of fact whether the absence of safety devices enumerated in the statute caused the plank, which was being lowered from an elevated work site, to strike plaintiff (*see Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267-268; *see also Micoli v City of Lockport*, 281 AD2d 881; *Hawkins v City of New York*, 275 AD2d 634, 634-635). Contrary to the contention of defendants and Mandon, the fact that the object was being lowered rather than raised does not remove this case from the statute's coverage (*see Baker v Barron's Educ. Serv. Corp.*, 248 AD2d 655, 655-656). The case relied upon by defendants, *Adamczyk v Hillview Estates Dev. Corp.* (226 AD2d 1049), does not require a contrary result. In that case, a pipe was being lowered from ground level into a trench rather than from an elevated work site. Additionally, the plaintiff in that case was not struck by the pipe, but instead twisted his back in attempting to grab the pipe as it fell into the trench.

We conclude that the court properly denied that part of Mandon's motion seeking summary judgment dismissing the Labor Law § 200 claim and common-law negligence cause of action. There is a triable issue of fact concerning the applicability of

the rescue doctrine (see *Butler v County of Chautauqua*, 261 AD2d 855, 856).

We further conclude that the court erred in denying that part of Mandon's motion seeking summary judgment dismissing the cause of action in the third-party complaint for common-law indemnification. Plaintiff did not sustain a grave injury within the meaning of Workers' Compensation Law § 11 (see *Acosta v Green Mgt. Corp.*, 267 AD2d 67, 68). The court properly denied that part of Mandon's motion seeking summary judgment dismissing the cause of action in the third-party complaint for contractual indemnification. The contract documents between Mandon and Kulback's Construction are ambiguous. Pursuant to the work order between those parties, Mandon was required to sign and return an indemnification agreement, but the indemnification agreement submitted by defendants is between Mandon and Kulback's & Assoc. Mandon denies that the indemnification agreement applies to the contract for the Walgreen's drugstore, while defendants contend that it does. Because the "determination of the intent of the parties depends on the credibility of extrinsic evidence or on a choice among reasonable inferences to be drawn from extrinsic evidence," the issue is one of fact for the trier of fact and cannot be resolved as a matter of law (*Hartford Acc. & Indem. Co. v Wesolowski*, 33 NY2d 169, 172; see *Village of Hamburg v American Ref-Fuel Co. of Niagara*, 284 AD2d 85, 88, *lv denied* 97 NY2d 603). We therefore modify the order by denying that part of Mandon's motion seeking summary judgment dismissing the Labor Law § 240 (1) claim against defendants and reinstating that claim against them, and by granting that part of Mandon's motion seeking summary judgment dismissing the cause of action in the third-party complaint for common-law indemnification and dismissing that cause of action. Present—Pigott, Jr., P.J., Green, Scudder, Burns and Gorski, JJ.