*1079 OPINION OF THE COURT
Edward H. Lehner, J.
The basic legal issue presented on the pending motions regarding plaintiffs claim under Labor Law § 240 (1) is whether the section applies when the plaintiff, who was positioned on the sidewalk, injured his arm when lowering a pipe into the basement of the abutting building.
Before me are motions for summary judgment by: (i) defendants to dismiss the complaint; (ii) third-party defendant General Plumbing Corp. to dismiss plaintiffs claim under Labor Law § 240 (1); and (iii) plaintiff on liability based on his claims against defendants under Labor Law § 240 (1) and § 241 (6). For the purpose of these motions it was agreed that all of the defendants may be treated as the owners of the subject building at 37 West 27th Street in Manhattan (the building) (transcript at 4).
Plaintiff, who was employed by General, was engaged in lowering an 11-foot-long pipe that weighed between 200 and 300 pounds into a sidewalk shaft to a point in the basement of the building approximately 18 feet below the sidewalk level. This pipe was needed to replace a leaking steam pipe. To move the pipe from the sidewalk into the basement, plaintiffs supervisor was located at the bottom of the shaft, and plaintiff asserts that an employee of the building was stationed at a midway point to guide the pipe into the basement. To effect the lowering, a rope was attached to plaintiffs forearm. He asserts that he was injured when the pipe free fell with his arm attached thereto.
From a procedural point, defendants and General argue that plaintiffs cross motion for summary judgment was untimely as it was served on May 20, 2005, which was after the stipulated extended last day (Mar. 25, 2005) for the service of summary judgment motions. Since no good cause was offered by plaintiff for the late cross motion, it is contended that under Brill v City of New York (2 NY3d 648 [2004]), the court should not consider his application. Plaintiff argues that since the motions of the defendants and General (which were timely served) both seek dismissal of plaintiffs section 240 (1) claim, it is appropriate to consider his motion which seeks judgment in his favor on that claim.
Initially, it is observed that CPLR 3212 (b) provides that if “it shall appear that any party other than the moving party is *1080 entitled to summary judgment, the court may grant such judgment without the necessity of a cross-motion.” Thus, since the motions of defendants and General both dealt with their potential liability under Labor Law § 240 (1), this court would be authorized to grant summary judgment to plaintiff under that section without the necessity of a cross motion. (See, Dunham v Hilco Constr. Co., 89 NY2d 425, 430 [1996]; Campos v New York City Hous. Auth., 295 AD2d 386 [2d Dept 2002]; Micciche v Homes By Timbers, 1 AD3d 326 [2nd Dept 2003].)
Further, the First Department has authorized consideration of an untimely cross motion when there is a timely related still pending motion (James v Jamie Towers Hous. Co., 294 AD2d 268 [2002]; Rosa v R.H. Macy Co., 272 AD2d 87 [2000]). Compare Gonzalez v Zam Apt. Corp. (11 AD3d 657 [2d Dept 2004]), where no motion had previously been directed at the late cross-movant, and Thompson v Leben Home for Adults (17 AD3d 347 [2d Dept 2005]), where the untimely cross motion of a defendant was not related to a timely motion of a codefendant, in which cases the untimely cross motions were not considered.
On the merits of the claim under section 240 (1), defendants and General do not argue that the activity in which plaintiff was engaged, moving the pipe into the building, is not covered by the statute. Rather, they maintain that the section is inapplicable because the pipe was not being hoisted to a higher level, but instead was being lowered to below the sidewalk level where plaintiff was positioned. The basic principles to be following in determining elevation-related issues on a claim under section 240 (1) were set forth in Rocovich v Consolidated Edison Co. (78 NY2d 509 [1991]) as follows (at 514):
“The various tasks in which these devices are customarily needed or employed share a common characteristic. All entail a significant risk inherent in the particular task because of the relative elevation at which the task must be performed or at which materials or loads must be positioned or secured. The contemplated hazards are those related to the effects of gravity where protective devices are called for either because of a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured.”
*1081 Based on the foregoing interpretation of the statute, at first blush it would appear that defendants and General were correct in their argument in that plaintiff, who was stationed on the sidewalk, was not performing work at an “elevation” level, and the pipe was not at a higher level. However, the section has in general terms been stated to apply “not simply where the work is performed at heights but where the work involves risks related to differences in elevation” (Groves v Land’s End Hous. Co., 80 NY2d 978, 980 [1992]), and where the protective devices listed in the statute were not provided “to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person” (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501 [1993]).
Here, if plaintiffs supervisor, who was stationed in the basement approximately 18 feet below the sidewalk, was injured by the free fall of the pipe, there is no doubt that the section would be applicable under the interpretation set forth in Rocovich as he would have been injured from the fall of the load located at a higher level. See Van Eken v Consolidated Edison Co. of N.Y. (294 AD2d 352 [2d Dept 2002]), where a worker in a trench 16 to 18 feet deep who was injured when a coworker lost his grip on plywood that was being lowered into the trench was held to have set forth a prima facie case showing the lack of a safety device required by section 240 (1). (See also, Ortlieb v Town of Malone, 307 AD2d 679 [3d Dept 2003].)
Here, although the level of the required work was the sidewalk, it was an “elevated” level insofar as the location to which the pipe was to be lowered. If instead of being located on the sidewalk lowering the pipe to the basement plaintiff were standing a floor above and was lowering the pipe to the sidewalk, the statute would clearly be applicable. There should be no different result because the pipe was being lowered from the sidewalk. With respect to the lowering of the pipe, see Brinson v Kulback’s & Assoc. (296 AD2d 850 [4th Dept 2002]), where it was stated (at 851) that the “fact that the object was being lowered rather than raised does not remove the case from the statute’s coverage.”
Since the work performed involved “risks related to the differences in elevation” (Groves v Land’s End Hous. Co., supra at 980), and the injury to plaintiffs arm resulted from a free fall of the pipe into the shaft and hence flowed directly “from the application of the force of gravity” (Ross v Curtis-Palmer Hydro Elec. Co., supra at 501), I find that section 240 (1) is applicable *1082 and defendants were required to provide plaintiff with the protection therein required. (See, Sharp v Scandic Wall Ltd. Partnership, 306 AD2d 39 [1st Dept 2003] [injury to a worker who was on top of an elevator which was thought to be below the lobby floor but fell to steelwork below held to state a valid claim under section 240 (1) as the injury was “the immediate result of ‘the effects of gravity’ ”]; Ciancio v Woodlawn Cemetery Assn., 249 AD2d 86, 88 [1st Dept 1998] [plaintiffs fall from a plank into an open grave stated a claim under section 240 (1) as “the excavation provides the necessary height differential to constitute an elevation risk against which the statute affords protection”]; Covey v Iroquois Gas Transmission Sys., 89 NY2d 952, 954 [1997] [“fall from the backhoe into the 15-foot excavation . . . was the type of elevation-related risk for which Labor Law § 240 (1) provides protection”].)
Since it is undisputed that the sole protection provided to plaintiff in lowering this 11-foot pipe weighing between 200 and 300 pounds a distance of approximately 18 feet was a rope attached to his forearm, I find that defendants have failed to provide him the protection mandated by section 240 (1). That plaintiff did not fall or was not struck by a falling object does not affect defendants’ liability as the injury to his arm was the result of the application of gravity causing the free fall of the pipe. (See, Skow v Jones, Lang & Wooton Corp., 240 AD2d 194 [1st Dept 1997]; Sasso v NYMED, Inc., 238 AD2d 799 [3d Dept 1997]; Wensley v Argonox Corp., 228 AD2d 823 [3d Dept 1996].)
Accordingly, plaintiffs motion for summary judgment against defendants on liability based on his claim of a violation of Labor Law § 240 (1) is granted. In light of the grant of this branch of plaintiffs application, his claims based on Labor Law §§ 200 and 241 (6) and common-law negligence are withdrawn (transcript at 23-25). The motions of defendants and General are denied.