Goldman v Vanguard Constr. & Dev. Co., Inc. (2025 NY Slip Op 01315)

Goldman v Vanguard Constr. & Dev. Co., Inc.

2025 NY Slip Op 01315

Decided on March 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 11, 2025

Before: Moulton, J.P., Kennedy, Gesmer, Mendez, Rodriguez, JJ. 

Index No. 154934/19|Appeal No. 3877|Case No. 2024-00606|

[*1]Valerie Goldman, Plaintiff-Appellant-Respondent,
v
Vanguard Construction and Development Company, Inc., Defendant-Respondent-Appellant.

Horn Appellate Group, Brooklyn (Christen Giannaros of counsel), for appellant -respondent.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Judy C. Selmeci of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Richard Latin, J.), entered December 20, 2023, which denied defendant's motion for summary judgment dismissing the complaint and plaintiff's motion for leave to amend the bill of particulars, unanimously modified, on the law, to grant plaintiff's motion to amend the bill of particulars to allege violations of Industrial Code (12 NYCRR) §§ 23-1.33(a)(1)-(3) and 23-1.33(b)(1)(i), and otherwise affirmed, without costs.
Plaintiff was walking on a pedestrian walkway adjacent to a construction site when she was struck by a section of a nearby fence.
The court correctly denied defendant's motion for summary judgment dismissing the complaint, as defendant's witness provided contradictory statements related to the presence of its employees on the construction site (see Tucker v New York City Hous. Auth., 127 AD3d 619, 620 [1st Dept 2015]). Viewing the facts in the light most favorable to plaintiff (see Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]), this inconsistency raises issues of fact as to whether any of defendant's employees caused the fence to be moved immediately before the accident. Defendant claims that the fence was moved by two employees of one of defendant's subcontractors, but the record is unclear as to who moved the fence.
The court should have granted plaintiff's motion for leave to amend her bill of particulars to allege violations of Industrial Code § 23-1.33(a)(1), (2), (3) and (b)(1)(i), all of which essentially require the placement of protection to prevent people passing by construction sites from being exposed to the hazards of those sites. For example, plaintiff established that the workers who caused the fencing to fall off the site and onto plaintiff may have violated section 23-1.33(b)(1)(i), which requires the protection to be "at least 36 inches in height above the walking surface" and to be "substantially constructed, installed and maintained" (see Butler v County of Chautauqua, 261 AD2d 855, 856 [4th Dept 1999]). The alleged Industrial Code violations may be considered as evidence on the question of defendant's negligence (see Conte v Large Scale Dev. Corp., 10 NY2d 20, 29 [1961]; Sawicki v AGA 15th St., LLC, 143 AD3d 549, 550 [1st Dept 2016]). Furthermore, plaintiff's "belated identification of these sections . . . results in no prejudice to defendant" (Latchuk v Port Auth. of N.Y. & N.J., 71 AD3d 560, 560 [1st Dept 2010]).
However, the court providently denied plaintiff's motion to amend to allege a violation of Industrial Code § 23-1.33(d)(1), which requires walkways to "be maintained free from obstructions" and "tripping hazards," among other things. That provision is inapplicable to this case.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 11, 2025