SECOND DEPARTMENT, NOVEMBER, 1997

(November 3, 1997)

■ JOSEPH AMIRR et al., Appellants, v CALCAGNO CONSTRUCTION COMPANY, Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. JOHN DiNASO & SONS, INC., Third-Party Defendant-Respondent. [663 NYS2d 893] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Cusick, J.), dated February 18, 1997, as denied their motion for partial summary judgment against the defendant third-party plaintiff Calcagno

Construction Company on its cause of action under Labor Law § 240 (1) and granted those branches of the separate cross motions of the defendant third-party plaintiff and third-party defendant which were to dismiss that cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Joseph Amirr was injured while working at a construction site located at a house owned by the defendants Antonio Pizzo and Sara Pizzo. The defendant third-party plaintiff Calcagno Construction Company (hereinafter Calcagno) was the general contractor and the third-party defendant, John DiNaso & Sons, Inc. (hereinafter DiNaso), the injured plaintiff's employer, was the roofing subcontractor. While on the roof of the house examining the chimney, the injured plaintiff slipped on snow and fell on the roof injuring his left elbow.

The Supreme Court correctly denied the plaintiffs' motion for partial summary judgment against Calcagno on its Labor Law § 240 (1) cause of action and granted those branches of the cross motions of Calcagno and DiNaso which were for partial summary judgment dismissing that cause of action. Amirr's injury did not result from an elevation-related hazard such as falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514; *see also, Mitchell v County of Jefferson*, 226 AD2d 1109; *McCague v Walsh Constr.*, 225 AD2d 530; *White v Dorose Holding*, 216 AD2d 290). Miller, J. P., Ritter, Sullivan, Santucci and McGinity, JJ., concur.