■ CHARLES GEISER, Respondent, v HARBOUR POINT AT NORTHPORT HOMEOWNERS ASSOCIATION, INC., Defendant and Third-Party Plaintiff-Appellant-Respondent. GEISER, INC., Third-Party Defendant-Respondent-Appellant. [670 NYS2d 214] —In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals from stated portions of (1) an order of the Supreme Court, Suffolk County (Seidell, J.), dated October 12, 1994, which, *inter alia*, denied its cross motion for summary judgment dismissing the complaint based on Labor Law § 240 and for summary judgment on the third-party complaint, and (2) an order of the same court dated April 15, 1997, which, *inter alia*, upon reargument, adhered to so much of the original determination as denied its cross motion and denied that branch of its motion to reargue which was to dismiss the cause of action based upon Labor Law § 240 (1) on the additional ground that it was preempted by Federal maritime law, and the third-party defendant cross-appeals, as limited by its brief, from so much of the order dated April 15, 1997, as, upon reargument, adhered to so much of the prior determination as denied its motion for summary judgment dismissing the complaint and the third-party complaint.

Ordered that the appeal from the order dated October 12, 1994, is dismissed, as that order was superseded by the order dated April 15, 1997, made upon reargument; and it is further,

Ordered that the order dated April 15, 1997, is reversed insofar as appealed and cross-appealed from, on the law, the respective cross motions of the defendant third-party plaintiff and the third-party defendant for summary judgment are granted, and the complaint and the third-party complaint are dismissed; and it is further,

Ordered that the order dated October 12, 1994, is vacated; and it is further,

Ordered that one bill of costs is awarded to the defendant third-party plaintiff and the third-party defendant.

The plaintiff was hired to activate an electric buzzer which would automatically open a gate located on a fixed dock owned by the defendant Harbour Point at Northport Homeowners Association, Inc. (hereinafter Harbour Point). To complete the project, the plaintiff had to first install piping underneath the fixed dock. In order to install the piping at that part of the dock closest to the shore, the plaintiff had to climb onto the rocks at low tide. After installing the last clamp, the plaintiff slipped on the algae-covered rocks, reached up to grab a beam on the underside of the dock, and injured his right shoulder.

The plaintiff's contention that Harbour Point is strictly liable for his injury pursuant to Labor Law § 240 (1) is without merit. Labor Law § 240 (1) is directed at elevation-related hazards only, and recovery under the statute is unavailable where the injury results from other types of hazards "even if proximately caused by the absence of an adequate scaffold or other required safety device" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500; *see, Amirr v Calcagno Constr. Co.*, 244 AD2d 302). Accordingly, that branch of the motion of Harbour Point which was for summary judgment dismissing this cause of action should have been granted.

The plaintiff's Labor Law § 200 and common-law negligence causes of action also are without merit. Once Harbour Point established its entitlement to judgment as a matter of law, the plaintiff was required to "produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which he rests his claim" (*Zuckerman v City of New York*, 49 NY2d 557, 562). Here, the plaintiff did not even attempt to raise any material issue of fact with respect to negligence. Accordingly, those branches of the cross motion of Harbour Point which were for summary judgment dismissing those branches of the complaint which were to recover damages pursuant to Labor Law § 200 and common-law negligence should have been granted.

The plaintiff has failed to set forth a valid claim under Labor Law § 241 (6). The plaintiff has not alleged in the complaint or the bill of particulars a violation of any concrete specification of the Industrial Code (*see*, 12 NYCRR part 23), and therefore has not made the requisite showing to maintain a claim under Labor Law § 241 (6) (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500, *supra*).

The parties' remaining contentions are academic in light of our determination. Thompson, J. P., Sullivan, Florio and McGinity, JJ., concur.