■ STANISLAW F. GLAB et al., Appellants, v 110-118 RIVERSIDE TENANTS CORP., Respondent, and DEBBIE STEIN, Defendant

and Third-Party Plaintiff-Respondent. EGGERS CONSTRUCTION CORP., Third-Party Defendant-Respondent. [691 NYS2d 903] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated May 8, 1998, as granted those branches of the separate motions of the defendants and the third-party defendant which were for summary judgment dismissing so much of the complaint as sought to recover damages for injuries under Labor Law § 241 (6).

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiffs contend only that a triable issue of fact existed as to whether there was a violation of Labor Law § 241 (6), citing noncompliance with two sections of the Industrial Code, 12 NYCRR 23-1.12 (c) (2), and (3). The Supreme Court found, *inter alia,* that there were no such violations and dismissed the complaint. We agree.

The defendants presented unrebutted evidence in admissible form sufficient to show compliance with the provisions of 12 NYCRR 23-1.12 (c) (2) as a matter of law. They also demonstrated the inapplicability of 12 NYCRR 23-1.12 (c) (3). Accordingly, the Supreme Court properly granted the motions for summary judgment and dismissed the complaint with respect to claims asserted pursuant to Labor Law § 241 (6) (*see, Zuckerman v City of New York,* 49 NY2d 557; *see also, Fills v Merit Oil Corp.,* 258 AD2d 556). O'Brien, J. P., Krausman, Florio and H. Miller, JJ., concur.