■ GARY WILKE, Appellant, v COMMUNICATIONS CONSTRUCTION GROUP, INC., Sued Herein as COMMUNICATIONS GROUP OF WESTCHESTER, PA., Defendant and Third-Party Plaintiff-Respondent. NORTHEAST AERIAL CONSTRUCTION, INC., Third-Party Defendant-Respondent. [711 NYS2d 784] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Ingrassia, J.), entered May 4, 2000, which, upon stipulated facts, is in favor of the defendants and against him dismissing the cause of action pursuant to Labor Law § 241 (6).

Ordered that the plaintiff's notice of appeal from a decision dated December 21, 1998, is deemed a premature notice of appeal from the judgment; and it is further,

Ordered that the judgment is affirmed, with one bill of costs.

Based upon the stipulated facts, the Supreme Court properly determined that the plaintiff did not possess a viable cause of action pursuant to Labor Law § 241 (6). The first Industrial Code provision upon which the plaintiff relied, 12 NYCRR 23-9.6 (c) (1), sets forth only nonspecific standards of "general regulatory criteria" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 502), akin to a common-law standard of reasonable care (*see, Curley v Gateway Communications*, 250 AD2d 888, 891; *Jackson v Williamsville Cent. School Dist.*, 229 AD2d 985), rather than a concrete specification. Thus, it cannot serve as a predicate for a violation of Labor Law § 241 (6) (*see, Ross v Curtis-Palmer Hydro-Elec. Co., supra*; *Jiron v China Buddhist Assn.*, 266 AD2d 347; *Geiser v Harbour Point at Northport Homeowners Assn.*, 248 AD2d 505; *McCole v City of New York*, 221 AD2d 605). The other two regulations cited by the plaintiff, 12 NYCRR 23-9.6 (e) (1) and (3), are factually inapplicable to the circumstances surrounding the happening of the accident and thus do not support a cause of action pursuant to Labor Law § 241 (6) (*see, Randazzo v Consolidated Edison Co.*, 271 AD2d 667; *Barnes v DeFoe/Halmer*, 271 AD2d 387; *Rose v A. Servidone, Inc.*, 268 AD2d 516; *Pisciotta v St. John's Hosp.*, 268 AD2d 465; *Glab v 110-118 Riverside Tenants Corp.*, 262 AD2d 604; *Fills v Merit Oil Corp.*, 258 AD2d 556; *Heizman v Long Is. Light. Co.*, 251 AD2d 289).

The parties' remaining contentions are without merit. Joy, J. P., S. Miller, Luciano and Smith, JJ., concur.