■ WILLIE E. ANDERSON, Appellant, v INTERNATIONAL HOUSE, Respondent and Third-Party Plaintiff, et al., Third-Party Defendant. [635 NYS2d 13] —Order of the Supreme Court, New York County (Harold Tompkins, J.), entered June 8, 1995, which denied plaintiff's motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1), is unanimously reversed, on the law, and the motion granted, without costs or disbursements.

Plaintiff was injured when he fell from a scaffold which did not have any safety railings around its perimeter, a work platform or any toe boards. He also had not been provided with any safety belt, lifeline, hard hat or any other safety device.

Pursuant to Labor Law § 240 (1), absolute liability ensues from this undisputed failure of defendant to provide appropriate safety devices, and, under the circumstances herein, the absence of such equipment was a proximate cause of the accident (see, *Bland v Manocherian*, 66 NY2d 452, 461). Contrary to defendant's contention, there is no necessity that plaintiff's testimony or sworn statement be corroborated. There is no bar to granting partial summary judgment as to liability, on plaintiff's statement alone, since no bona fide issue as to his credibility exists (*Rodriguez v New York City Hous. Auth.*, 194 AD2d 460, 461-462). "[M]inor, immaterial inconsistencies" in the testimony or statement will also not preclude the grant of summary judgment (*Robinson v NAB Constr. Corp.*, 210 AD2d 86, 87). Concur—Rosenberger, J. P., Rubin, Kupferman, Asch and Williams, JJ.