■ GUSTAVO RODRIGUEZ, Appellant, v FOREST CITY JAY STREET ASSOCIATES et al., Respondents. [650 NYS2d 229] —Order, Supreme Court, New York County (Edward Lehner, J.), entered January 31, 1996, which denied plaintiff's motion for partial summary judgment pursuant to Labor Law § 240 (1), unanimously reversed, on the law, without costs, and the motion granted.

Labor Law § 240 (1) imposes absolute liability on building owners, construction contractors and their agents with regard to elevation-related risks to workers at construction sites (*Robinson v NAB Constr. Corp.*, 210 AD2d 86, citing *Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 521; *Bland v*

*Manocherian*, 66 NY2d 452, 459). Specifically, the section imposes absolute liability for a breach which has proximately caused an injury (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513). "Proximate cause is demonstrated where the plaintiff generally shows that the defendant's negligence was a substantial cause of the events that produced the injury, and the plaintiff need not demonstrate that the precise manner in which the accident happened, or the extent of the injuries, was foreseeable" (*Public Adm'r of Bronx County v Trump Vil. Constr. Corp.*, 177 AD2d 258, 259). "[T]he duty imposed by Labor Law 240 (1) is nondelegable, and, consequently, an owner and/or contractor who breaches that duty may be held liable in damages regardless of whether it actually exercised supervision or control over the work * * * and regardless of whether the worker's negligence contributed to the mishap" (*Cosban v New York City Tr. Auth.*, 227 AD2d 160, 160-161). Labor Law § 240 (1) is to be liberally construed so as to accomplish the purpose for which it was enacted (*Rocovich v Consolidated Edison Co.*, *supra*).

In the case at bar, plaintiff fell from a scaffold situated eight feet above the ground while performing his duties on a construction site owned by defendant Forest City and supervised by defendant Lehrer McGovern Bovis, Inc. The scaffold lacked guardrails, safety devices and the proper number of wood planks. According to plaintiff's testimony at his deposition, he had been facing the ceiling while plastering just prior to the fall and he remembered falling and hitting his head. Our review of the extant record does not reveal any evidence in admissible form which controverts plaintiff's claim that he would not have fallen had there been guardrails on the scaffold. Plaintiff established both a violation of the statute and that such violation was a proximate cause of his injury (*Gordon v Eastern Ry. Supply*, 82 NY2d 555, 561; *Bland v Manocherian*, *supra*, at 458-459; *Anderson v International House*, 222 AD2d 237).

We are unpersuaded by defendants' arguments that there are material issues of fact with respect to the manner in which plaintiff's accident occurred or that there are bona fide credibility issues. There is no bar to granting partial summary judgment on plaintiff's testimony alone when no bona fide issue as to his credibility exists (*Anderson v International House*, *supra*). While it is true that plaintiff was unable to recall certain "basic matters," these are not the kind of genuine credibility questions raised when, for example, the "injured worker's version of the accident is inconsistent with either his

own previous account or that of another witness" (*Rodriguez v New York City Hous. Auth.*, 194 AD2d 460, 462; *Muhammad v Hyman Constr.*, 216 AD2d 206; *Robinson v NAB Constr. Corp.*, *supra,* at 87). Moreover, even " '[m]inor, immaterial inconsistencies' " in the testimony of the plaintiff will not preclude granting summary judgment (*Anderson v International House, supra,* at 237, quoting *Robinson v NAB Constr. Corp., supra,* at 87). Accordingly, plaintiff was entitled to partial summary judgment on his Labor Law § 240 (1) claim. Concur—Murphy, P. J., Ross, Tom, Mazzarelli and Andrias, JJ.