■ KRZYSZTOF NOWACKI, Respondent, v METROPOLITAN LIFE INSURANCE COMPANY et al., Appellants. [661 NYS2d 536] —In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Kings County (Held, J.), dated August 2, 1996, as granted that branch of the plaintiff's motion which was for partial summary judgment on the issue of liability under Labor Law § 240 (1).

Ordered that the order is reversed insofar as appealed from, with costs, and that branch of the plaintiff's motion which was

for summary judgment on the issue of liability pursuant to Labor Law § 240 (1) is denied without prejudice to renewal upon the completion of discovery.

Under the circumstances of this case, the award of summary judgment to the plaintiff on the issue of liability under Labor Law § 240 (1) was premature. The plaintiff testified at his deposition that although he had locked the wheels of his rolling scaffold, the structure inexplicably "moved" as he was reaching up to remove asbestos from the ceiling, and that this movement caused him to fall backwards off the scaffold, which was unequipped with guardrails or other safety devices. Although a plaintiff's account of how his accident happened may suffice to justify an award to him of summary judgment *(see, e.g., Casabianca v Port Auth.,* 237 AD2d 1112; *Rodriguez v Forest City Jay St. Assocs.,* 234 AD2d 68; *Anderson v International House,* 222 AD2d 237; *Rodriguez v New York City Hous. Auth.,* 194 AD2d 460), where, as here, a jury could draw conflicting inferences from the evidence *(see, Ampolini v Long Is. Light. Co.,* 186 AD2d 772, 773), and, indeed, where the plaintiff's account is contrary to experience, summary judgment should at least await the completion of discovery *(see, e.g., Groves v Land's End Hous. Co.,* 80 NY2d 978; *Pastoriza v State of New York,* 108 AD2d 605, 607). Thompson, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.