■ CHARLES A. SMITH et al., Respondents, v COUNTY OF NASSAU, Defendant, LEON D. DeMATTEIS CONSTRUCTION CORPORATION, Appellant, and ELDOR CONTRACTING CORP., Defendant and Third-Party Plaintiff-Respondent. CIRCLE INDUSTRIES et al., Third-Party Defendants-Respondents. (And Other Titles.) [662 NYS2d 70] —In an action to recover damages for personal injuries, etc., the defendant Leon D. DeMatteis Construction Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), dated November 9, 1995, as denied those branches of its motion which were for summary judgment dismissing the causes of action asserted in the complaint based on Labor Law §§ 200 and 240 (1) and common-law negligence, and for indemnification and/or contribution insofar as asserted against it by the defendant Eldor Contracting Corp., the third-party defendant Circle Industries, and the second third-party defendant Nastasi White.

Ordered that the order is modified, on the law, by deleting therefrom the provisions denying those branches of the motion which were for summary judgment dismissing the causes of action asserted in the complaint based on Labor Law §§ 200 and 240 (1) and common-law negligence, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant Leon D. DeMatteis Construction Corporation.

The plaintiff Charles A. Smith was injured when he received an electrical shock while installing a metal ceiling panel. At the time of the injury he was standing on a scaffolding. However, while he fell against the railing of the scaffolding, he did not fall down on, or off of, the scaffolding. The plaintiffs then commenced this action against the defendants, *inter alia,* to recover damages pursuant to Labor Law §§ 200, 240 (1), and

241 (6), as well as for common-law negligence. The defendant Leon D. DeMatteis Construction Corporation (hereinafter De-Matteis) moved for summary judgment dismissing the complaint insofar as asserted against it and alternatively, seeking contribution and/or indemnification from the defendant Eldor Contracting Corp., the third-party defendant Circle Industries, and the second third-party defendant Nastasi White. The Supreme Court denied the motion, finding the existence of factual questions on all the issues.

DeMatteis asserts, *inter alia*, that it demonstrated that it was entitled to summary judgment dismissing the plaintiffs' claims under Labor Law §§ 200 and 240 (1), and based on common-law negligence, and that it was error not to have granted those branches of its motion. We agree.

Since the injured plaintiff did not fall from an elevation, and the ceiling panel did not fall on him, Labor Law § 240 (1) clearly does not apply (*see, White v Dorose Holding,* 216 AD2d 290; *Bonaparte v Niagara Mohawk Power Corp.,* 188 AD2d 853).

DeMatteis also made a sufficient showing that it was entitled to summary judgment dismissing the plaintiffs' claims under both Labor Law § 200 and the principles of common-law negligence. It is well settled that where an alleged defect or dangerous condition arises from a subcontractor's own methods in performing the work, and the general contractor exercises no supervisory control over the operation, no liability attaches to the general contractor either under the common law or under Labor Law § 200. Here, there was no evidence that DeMatteis exercised any supervisory control over either the electrical work, which was the responsibility of prime contractor Eldor Contracting Corp., or the drywall work which was to be performed by Circle Industries/Nastasi White, Inc., the injured plaintiff's employer. Accordingly, the plaintiffs' claims under Labor Law § 200 and for common-law negligence should have been dismissed (*see, Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *Lombardi v Stout,* 80 NY2d 290, and the cases cited therein; *see also, Lillis v City of New York,* 226 AD2d 592). However, contrary to DeMatteis' remaining contention, the Supreme Court properly found that triable issues of fact exist with regard to the issue of indemnification since the plaintiffs' claims under Labor Law § 241 (6) have not been dismissed. Bracken, J. P., Pizzuto, Santucci and Florio, JJ., concur.