■ JOHN DELMAR et al., Respondents, v TERRASTRUCT CORP., Defendant and Third-Party Plaintiff-Appellant, FOREST PLAZA PARTNERS, L.P., Defendant and Third-Party Plaintiff-Respondent, and SANFORD NALITT, Respondent. ESPO CONSTRUCTION, INC., Third-Party Defendant-Appellant. [670 NYS2d 915] —In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff TerraStruct Corp. appeals from so much of an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated January 23, 1997, as granted that branch of the plaintiffs' cross motion which was for summary judgment against it on the plaintiffs' causes of action predicated upon Labor Law § 240 (1) and § 241 (6), and the third-party defendant ESPO Construction, Inc., separately appeals from so much of the same order as (a) denied its motion for summary judgment dismissing the complaint, (b) granted that branch of the plaintiffs' cross motion which was for summary judgment on the causes of action predicated upon Labor Law § 240 (1) and § 241 (6), and (c) granted the cross motions of the defendant third-party plaintiffs TerraStruct Corp. and Forest Plaza Partners, L.P., for partial summary judgment on the issue of indemnity against the third-party defendant ESPO Construction, Inc., in the event that TerraStruct Corp. and Forest Plaza Partners, L.P., were found to be liable to the plaintiffs.

Ordered that the order is modified by (1) deleting therefrom the provision granting that branch of the plaintiffs' motion which was for summary judgment on their causes of action predicated upon Labor Law § 240 (1) and § 241 (6), and substituting therefor a provision denying that branch of the motion, (2) deleting therefrom the provisions denying that branch of the motion by the third-party defendant ESPO Construction, Inc., which was to dismiss the cause of action predicated upon Labor Law § 241 (6), and substituting therefor a provision granting that branch of the motion, and (3) deleting therefrom the provision granting the cross motions of the defendants third-party plaintiffs TerraStruct Corp. and Forest Plaza Partners, L.P., for partial summary judgment on the issue of indemnification against the third-party defendant ESPO

Construction, Inc., in the event they were found to be liable to the plaintiffs, and substituting therefor a provision denying those cross motions; as so modified, the order is affirmed insofar as appealed from, with costs to the appellants appearing separately and filing separate briefs.

The plaintiff John Delmar was injured while using a gas-powered saw to cut a cinder block wall as he stood upon a scaffold. The record reveals that there are questions of fact as to how the accident occurred. In statements made to medical personnel immediately after the accident, Mr. Delmar denied falling off the scaffold and stated that he was injured when the saw "kicked back and cut him". In an affidavit given by a co-worker of Mr. Delmar, who was present on the scene on the day of the accident, the co-worker stated that the scaffold did not move prior to the saw striking Mr. Delmar's face. Mr. Delmar later claimed that he was injured when the scaffold shifted, causing him to lose control of the saw and fall to the lower level of the two-tiered scaffold. The co-worker later submitted another affidavit in which he stated that he could not have seen whether the scaffold shifted before the accident occurred.

Under these circumstances, the plaintiffs failed to establish their entitlement to judgment as a matter of law under Labor Law § 240 (1) since it has not been demonstrated that Mr. Delmar's injuries resulted from a fall off the scaffold or any elevation-related risk (*see, Groves v Land's End Hous. Co.*, 80 NY2d 978; *Miller v Long Is. Light. Co.*, 166 AD2d 564; *see also, Nichols v Deer Run Investors*, 204 AD2d 929).

We also find that the plaintiffs' causes of action pursuant to Labor Law § 241 (6) should have been dismissed. In order to maintain a cause of action under this section, a plaintiff must specify "concrete" sections of the Industrial Code violated by a defendant (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494). Here, there were no such allegations in either the complaint or the bills of particulars supplied by Mr. Delmar.

Since there are issues as to whose negligence, if any, caused Mr. Delmar's injuries, it is premature at this juncture to reach the issue of indemnification (*see, Hayes v Crane Hogan Structural Sys.*, 191 AD2d 978; *De Witt v Pizzagalli Constr. Co.*, 183 AD2d 991; *Edwards v International Bus. Machs. Corp.*, 174 AD2d 863). Bracken, J. P., Santucci, Altman and McGinity, JJ., concur.