■ ROBERT ROSE et al., Appellants, v A. SERVIDONE, INC., Defendant and Third-Party Plaintiff-Respondent. ORANGE AND ROCKLAND UTILITIES, Third-Party Defendant-Respondent. [702 NYS2d 603] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme

Court, Orange County (Peter C. Patsalos, J.), dated September 24, 1998, which granted the motion of the defendant third-party plaintiff for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On August 21, 1995, the plaintiff Robert Rose was injured while getting off the last step of a truck onto unlevel ground strewn with dirt, pebbles, blacktop, and concrete, while performing his duties as a pole setter for his employer, Orange and Rockland Utilities (hereinafter Orange and Rockland). Rose and his wife Lenora, derivatively, brought this action to recover damages for personal injuries against A. Servidone, Inc. (hereinafter Servidone), the general contractor performing construction (i.e., road widening) on Route 59 pursuant to a contract with New York State. Rose claimed violations of Labor Law §§ 200, 240, and § 241 (6), as well as common-law negligence. Servidone commenced a third-party action against Orange and Rockland. The plaintiffs appeal from an order granting summary judgment to Servidone, dismissing the complaint.

The Supreme Court correctly dismissed both the plaintiffs' negligence and Labor Law § 200 causes of action. Labor Law § 200 is a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work (*see, Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876). Such a duty presupposes that the " 'party charged with that responsibility have the authority to control the activity bringing about the injury' " (*Comes v New York State Elec. & Gas Corp., supra,* at 877; *Russin v Picciano & Son,* 54 NY2d 311, 317; *Retamal v Osborne Mem. Home Assn.,* 256 AD2d 506).

Servidone had no control over the pole-setting activity and did not supervise Rose while he was performing his duties as an employee of Orange and Rockland. Moreover, liability will not attach where, as here, the dangerous condition complained of was open and obvious (*see, Panetta v Paramount Communications,* 255 AD2d 568).

The plaintiffs' cause of action under Labor Law § 240 (1) was also properly dismissed. Stepping down from a truck onto unlevel ground littered with dirt, rocks, blacktop, and concrete from a road under reconstruction does not involve the elevation-related risks contemplated in Labor Law § 240 (1).

The court correctly dismissed the plaintiffs' cause of action under Labor Law § 241 (6). Rose was injured at an open-area construction site on the side of Route 59. That area is not a passageway covered under 12 NYCRR 23-1.7 (e) (1) or a floor,

platform, or similar area covered by 12 NYCRR 23-1.7 (e) (2). There was no slippery condition as contemplated by 12 NYCRR 23-1.7 (d). Since no applicable Industrial Code regulations were violated, the court correctly dismissed the claims under Labor Law § 241 (6). Sullivan, J. P., Krausman, McGinity and H. Miller, JJ., concur.