■ WESLEY BARNES et al., Respondents, v DEFOE/HALMAR, Defendant and Third-Party Plaintiff-Respondent. RICE MOHAWK U.S. CONSTRUCTION COMPANY, LTD., Third-Party Defendant-Appellant. [705 NYS2d 628] —In an action to recover damages for personal injuries, etc., the third-party defendant appeals from an order of the Supreme Court, Westchester County (Cowhey, J.), entered September 23, 1999, which granted the motion of the defendant third-party plaintiff for partial summary judgment on the issue of contractual indemnification against it, and denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified by (1) deleting the provision thereof granting the motion of the defendant third-party plaintiff which was for partial summary judgment on the issue of contractual indemnification against the third-party defendant and substituting therefor a provision denying the motion, and (2) deleting the provision thereof denying that branch of the motion of the third-party defendant which was for summary judgment dismissing the plaintiffs' cause of action predicated upon Labor Law § 241 (6) and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the appellant.

The plaintiff Wesley Barnes, an employee of the third-party defendant Rice Mohawk U.S. Construction Company, Ltd. (hereinafter Rice Mohawk), was injured while carrying heavy "scrap" steel across an open area at a construction site. Barnes

allegedly slipped on a piece of wood debris buried in the muddy soil of the construction site. He commenced this action alleging common-law negligence and violations of Labor Law §§ 200 and 241 (6). His wife interposed a derivative cause of action. Pursuant to a written subcontract, Rice Mohawk was the subcontractor hired by the general contractor DeFoe/Halmar, a joint venture, to perform demolition and reconstruction of steel structures on bridges along a New York State highway. The subcontract provided that Rice Mohawk would indemnify DeFoe/Halmar in the event of any claim for injury due to any party's negligence.

As there are issues of fact with regard to who caused the wood debris to remain in the open area of the construction site and as to which parties supervised or had the authority to control the construction site, the Supreme Court correctly denied that branch of Rice Mohawk's cross motion which was to dismiss the causes of action predicated upon common-law negligence and Labor Law § 200 (see, Russin v Picciano & Son, 54 NY2d 311, 316-317; cf., Rosemin v Oved, 254 AD2d 343; Smith v County of Nassau, 242 AD2d 380).

The plaintiffs' causes of action pursuant to Labor Law § 241 (6) should have been dismissed. Of the many Industrial Code sections claimed by the plaintiffs in their bill of particulars to have been violated, only section 23-1.7 (d), concerning slipping hazards on the "floor, passageway, walkway, scaffold, platform or other elevated working surface" of a construction site is, arguably, applicable (12 NYCRR 23-1.7 [d]). The muddy open area where the plaintiff slipped is not, however, the sort of passageway, walkway, or working area contemplated by 12 NYCRR 23-1.7 (d) (see, Rose v A. Servidone, Inc., 268 AD2d 516; Jennings v Lefcon Partnership, 250 AD2d 388). Thus, there is no violation of the Industrial Code which will form the basis for a Labor Law § 241 (6) cause of action.

Since there are issues of fact as to whose negligence, if any, caused the injuries, it is premature at this juncture to reach the issue of contractual indemnification (see, Chun v Ecco III Enters., 268 AD2d 454; Maxwell v Toys "R" Us, 258 AD2d 630; Delmar v TerraStruct Corp., 249 AD2d 259).

The appellant's remaining contentions are without merit. Bracken, J. P., O'Brien, Sullivan and Luciano, JJ., concur.