■ STEFANO CASTRONOVO, Respondent, v JOHN DOE et al., Defendants, and MAER MURPHY, INC., Appellant. [711 NYS2d 27] —In an action to recover damages for personal injuries, the defendant Maer Murphy, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated June 30, 1999, as granted that branch of the plaintiff's motion which was for summary judgment against it on the issue of liability on the cause of action based on Labor Law § 240 (1).

Ordered that the order is reversed insofar as appealed from, on the law, with costs to the appellant payable by the respondent, and that branch of the motion which was for summary judgment against the appellant on the issue of liability on the cause of action under Labor Law § 240 (1) is denied.

The plaintiff was a freelance artist hired by the defendant Maer Murphy, Inc. (hereinafter Maer Murphy) to do some detail work at a restoration project in the defendant Catholic Church of St. Boniface. He was injured when he fell from a scaffold while descending it. The plaintiff moved for summary judgment on the issue of liability pursuant to Labor Law § 240 (1), claiming that the scaffold shifted due to defects in its wheels, causing him to fall. Maer Murphy submitted deposition testimony and other evidence that the defects did not exist and, furthermore, that on the date of the accident the plaintiff had originally told one of Maer Murphy's representatives that he had lost his balance while descending the scaffold and jumped off the scaffold.

Maer Murphy first contends that this was not an accident within the purview of Labor Law § 240 (1). This claim is without merit. The plaintiff's testimony that he fell from the scaffold because it shifted as he was descending is clearly an elevation-related injury, as his harm directly flowed from the application of the force of gravity to his person, and thus is precisely the type of injury the statute was designed to address (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494).

However, the grant of summary judgment to the plaintiff was improper. The two different versions of the accident given by him create questions of fact as to the adequacy of the protective device and as to his credibility (*see, Delmar v TerraStruct Corp.,* 249 AD2d 259, 260; *Avendano v Sazerac, Inc.,* 248 AD2d 340, 341; *Alava v City of New York,* 246 AD2d 614; *Xirakis v 1115 Fifth Ave. Corp.,* 226 AD2d 452, 453). Given the evidence that the plaintiff stated that he lost his balance and jumped from the scaffold, a triable issue of fact exists as to whether the accident was proximately caused by defects in the scaffold or by the plaintiff's actions (*see, Skalko v Marshall's Inc.,* 229 AD2d 569, 571). Moreover, given the conflicting testimony concerning whether the alleged defects in the scaffold actually existed, summary judgment was improper, as the trier of fact could draw conflicting inferences as to how the accident actually occurred (*see, Nowacki v Metropolitan Life Ins. Co.,* 242 AD2d 265). Bracken, J. P., Joy, McGinity and Feuerstein, JJ., concur.