■ ANTONIO MIRANDA, Respondent, v CITY OF NEW YORK et al., Appellants. [721 NYS2d 391] —In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Kings County (Bruno, J.), dated March 6, 2000, as denied those branches of their motion which were for summary judgment dismissing the causes of action to recover damages pursuant to Labor Law §§ 200 and 241 (6).

Ordered that the order is modified, on the facts and the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the cause of action to recover damages pursuant to Labor Law § 241 (6) and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellants.

In the fall of 1997, the plaintiff was injured while working on a project to install new sewer pipes on a Brooklyn street. The plaintiff alleges that he was in an excavation trench lifting up one end of a 300-pound pipe when the loose sand underneath his feet shifted, causing him to lose his footing and fall. Following the accident, the plaintiff commenced this action against the defendants seeking to recover damages for alleged violations of, *inter alia,* Labor Law §§ 200 and 241 (6). The defendants subsequently moved for summary judgment dismissing, among other things, the plaintiff's Labor Law §§ 200 and 241 (6) claims, and the Supreme Court denied those branches of their motion.

The defendants contend that the Supreme Court should have granted that branch of their motion which was for summary judgment dismissing the plaintiff's Labor Law § 241 (6) claim because the safety regulation that he claims was violated does not apply to the circumstances of this case. We agree.

Labor Law § 241 (6) imposes a nondelegable duty of reasonable care upon owners and contractors "to provide reasonable and adequate protection and safety" to all persons employed in areas in which construction, excavation, or demolition work is being performed (*see, Rizzuto v Wenger Contr. Co.,* 91 NY2d 343, 347; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 501-502). However, to prevail upon a Labor Law § 241 (6) claim, a plaintiff must establish that the defendant violated a regulation that sets forth a specific standard of conduct (*see, Ross v Curtis-Palmer Hydro-Elec. Co., supra; Whalen v City of New York,* 270 AD2d 340). Here, the plaintiff relies on a provision of the Industrial Code which states that "[e]mployers shall not suffer or permit any employee to use a floor, passageway, walkway, scaffold, platform or other elevated working surface which is in a slippery condition," and which requires "[i]ce, snow, water, grease and any other foreign substance which may cause slippery footing" to be removed, sanded, or covered to provide safe footing (12 NYCRR 23-1.7 [d]). Contrary to the Supreme Court's determination, this provision of the Industrial Code does not apply to the natural sand surface of the excavation trench in which the plaintiff was standing. The sandy ground did not constitute a "slippery condition" as contemplated by 12 NYCRR 23-1.7 (d) (*see, Barnes v DeFoe/Halmar,* 271 AD2d 387; *Rose v A. Servidone, Inc.,* 268 AD2d 516; *Gielow v Coplon Home,* 251 AD2d 970). Accordingly, the Supreme Court erred in denying that branch of the defendants' motion which was for summary judgment dismissing the plaintiff's Labor Law § 241 (6) claim.

However, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the plaintiff's Labor Law § 200 claim. The record discloses an issue of fact as to whether the defendants maintained sufficient supervision and control over the sewer installation project to enable them to avoid or correct the condition which caused the plaintiff's injuries (*see, Rizzuto v Wenger Contr. Co., supra; Barnes v DeFoe/Halmar, supra*). Krausman, J. P., S. Miller, McGinity and Feuerstein, JJ., concur.