■ JOHN VECCHIO et al., Plaintiffs, v MILLER PLACE REALTY, LLC, et al., Respondents, and RACANELLI CONSTRUCTION COMPANY, INC., Defendant and Third-Party Plaintiff. DAME CONTRACTING, INC., Third-Party Defendant-Appellant. [877 NYS2d 355]—

In an action to recover damages for personal injuries, etc., the third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated May 30, 2007, as granted that branch of the motion of the defendants Miller Place Realty, LLC, and NB Realty, LLC, which was for summary judgment on their cross claim for contractual indemnification insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Miller Place Realty, LLC, and NB Realty, LLC, which was for summary judgment on their cross claim for contractual indemnification insofar as asserted against the third-party defendant is denied.

The defendants Miller Place Realty, LLC, and NB Realty, LLC (hereinafter the owners), failed to establish their prima facie entitlement to judgment as a matter of law on their cross claim for contractual indemnification against the third-party defendant Dame Contracting, Inc., the injured plaintiff's employer. The subject indemnification clause does not cover the owners for injuries resulting from, inter alia, their own negligence or the negligence of the defendant third-party plaintiff Racanelli Construction Company, Inc. (hereinafter the general contractor). Although the owners established as a matter of law that they were not negligent in causing the plaintiff's injury (*see McComish v Luciano's Italian Rest.*, 56 AD3d 534 [2008]; *Valenti v 400 Carlls Path Realty Corp.*, 52 AD3d 696 [2008]; *Lindquist v C & C Landscape Contrs., Inc.*, 38 AD3d 616 [2007]), they failed to establish as a matter of law that the negligence of the general contractor did not contribute to the accident. Accordingly,

their motion for summary judgment should have been denied (*see Barnes v DeFoe/Halmar*, 271 AD2d 387 [2000]; *Delmar v TerraStruct Corp.*, 249 AD2d 259 [1998]). Dillon, J.P., Angiolillo, Leventhal and Chambers, JJ., concur. [*See* 2007 NY Slip Op 31465(U).]