■ JASPAN SCHLESINGER, LLP, Formerly Known as JASPAN SCHLESINGER HOFFMAN, LLP, Appellant, v DAVID NEUBERG et al., Respondents. [27 NYS3d 652]—In an action, inter alia, to recover damages for breach of contract and on an account stated, the plaintiff appeals from an order of the Supreme Court, Nassau County (Peck, J.), entered March 23, 2015, which denied its motion for summary judgment on the complaint and dismissing the defendants' counterclaim, alleging legal malpractice.

Ordered that the order is affirmed, with costs.

In this action to recover payment for legal services rendered by the plaintiff law firm to the defendants, the plaintiff demonstrated its prima facie entitlement to judgment as a matter of law on the causes of action to recover damages for breach of contract and on an account stated, and dismissing the defendants' counterclaim, alleging legal malpractice, by submitting, inter alia, the parties' retainer agreement, periodic invoices sent by the plaintiff to the defendants, and the affirmation of its managing partner (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Morrison Cohen Singer & Weinstein v Ackerman*, 280 AD2d 355, 356 [2001]). However, in opposition to the motion, the defendants submitted the affidavit of the defendant David Neuberg and certain documentary evidence which raised triable issues of fact as to whether the plaintiff committed legal malpractice in representing the defendants, and as to whether the defendants timely objected to the propriety of certain invoices they received. Under these

circumstances, the Supreme Court properly denied the plaintiff's motion for summary judgment on the complaint and dismissing the defendants' counterclaim, alleging legal malpractice, and noted that discovery in the action is necessary (see e.g. *Nowacki v Metropolitan Life Ins. Co.*, 242 AD2d 265, 266 [1997]; *Pastoriza v State of New York*, 108 AD2d 605, 607 [1985]).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Chambers, Roman and Barros, JJ., concur.