■ KEVIN KEENER, Appellants, v CINALTA CONSTRUCTION CORP., Respondent. [45 NYS3d 179]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Santorelli, J.), dated July 30, 2014, as granted those branches of the defendant's motion which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200 and so much of the cause of action alleging a violation of Labor Law § 241 (6) as was predicated upon 12 NYCRR 23-1.7 (d) and (e).

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200, and substituting therefor a provision denying that branch of the defendant's motion; as so modified, the order is affirmed insofar as appealed from, with costs payable to the plaintiffs.

The New York City Transit Authority retained the defendant to act as its general contractor on a renovation project. The defendant hired nonparty Triumph Construction (hereinafter Triumph) to perform work on the project. The plaintiff Kevin Keener (hereinafter the plaintiff) was employed by Triumph.

While working on the project, the plaintiff allegedly slipped when he stepped on a piece of asphalt that gave way and started to break off. The plaintiff, and his wife suing derivatively, commenced this action against the defendant alleging, inter alia, violations of Labor Law §§ 200 and 241 (6). Upon the defendant's motion, the Supreme Court, among other things, granted those branches of the motion which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200 and so much of the cause of action alleging a violation of Labor Law § 241 (6) as was predicated upon 12 NYCRR 23-1.7 (d) and (e). The plaintiffs appeal.

The Supreme Court erred in granting that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200. Labor Law § 200 codifies the common-law duty of an owner or contractor to provide employees with a safe place to work (see Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877 [1993]; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505 [1993]; Seales v Trident Structural Corp., 142 AD3d 1153,

1158 [2016]). Where, as here, the plaintiff's accident arose not from the manner in which the work was performed, but rather from an allegedly dangerous condition at the work site, liability for a violation of Labor Law § 200 will be imposed if the general contractor had control over the work site and either created the dangerous condition or had actual or constructive notice of it (*see Doto v Astoria Energy II, LLC*, 129 AD3d 660, 663-664 [2015]; *Martinez v City of New York*, 73 AD3d 993, 998 [2010]). The defendant failed to establish its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 200 (*see Harsch v City of New York*, 78 AD3d 781, 783 [2010]). Thus, the court should have denied that branch of the defendant's motion which was for summary judgment dismissing that cause of action, regardless of the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

However, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241 (6) as was predicated upon 12 NYCRR 23-1.7 (d). Labor Law § 241 (6) imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d at 501-502). A plaintiff asserting a violation of Labor Law § 241 (6) must allege that a specific and concrete provision of the Industrial Code was violated (*see Rosado v Briarwoods Farm, Inc.*, 19 AD3d 396, 399 [2005]). Here, the defendant established, prima facie, that 12 NYCRR 23-1.7 (d) was inapplicable to the facts of this case (*see Nankervis v Long Is. Univ.*, 78 AD3d 799, 801 [2010]; *Aguilera v Pistilli Constr. & Dev. Corp.*, 63 AD3d 763, 765 [2009]; *Miranda v City of New York*, 281 AD2d 403, 404 [2001]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Moreover, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241 (6) as was predicated upon 12 NYCRR 23-1.7 (e). In support of this branch of its motion, the defendant established, prima facie, that this regulation, which relates to tripping hazards, was inapplicable to the facts of this case, as the plaintiff testified at his deposition that he did not trip (*see Velasquez v 795 Columbus LLC*, 103 AD3d 541 [2013]; *Cooper v State of New York*, 72 AD3d 633, 635 [2010]). In opposition, the plaintiffs failed to raise a triable issue of fact. Rivera, J.P.,

Chambers, Roman and LaSalle, JJ., concur. 