In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Greco, Jr., J.), dated May 26, 2015, as, upon renewal, granted those branches of the motion of the defendant Metropolitan Exposition Services, Inc., which were for summary judgment dismissing the plaintiff’s causes of action alleging violations of Labor Law §§ 200, 240 (1), and 241 (6) insofar as asserted against it, which had been denied in an order of the same court dated September 29, 2014.
 

 Ordered that the order is modified, on the law, by deleting the provision thereof, upon renewal, granting that branch of the motion of the defendant Metropolitan Exposition Services, Inc., which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200 insofar as asserted against it, and substituting therefor a provision, upon renewal, adhering to the determination in the order dated September 29, 2014, denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
 

 The plaintiff Francis R. Honeyman (hereinafter the injured plaintiff) was performing electrical work on the installation of an art show at the Jacob K. Javits Convention Center when two panels comprising the walls of an exhibition booth fell on him. The defendant Metropolitan Exposition Services, Inc. (hereinafter the defendant), allegedly had been hired to effectuate and supervise the installation of the art show.
 

 The plaintiffs commenced this action to recover damages for personal injuries, etc., alleging, inter alia, violations of Labor Law §§ 200, 240 (1), and 241 (6). The defendant, inter alia, moved for summary judgment dismissing the causes of action predicated upon those statutory violations insofar as asserted against it. In an order dated September 29, 2014, the Supreme Court denied the defendant’s motion without prejudice to renewal. In the order appealed from, upon renewal, the Supreme Court granted those branches of the defendant’s motion. The plaintiffs appeal.
 

 Upon renewal, the defendant demonstrated its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against it. The defendant’s evidence established the absence of a causal nexus between the injured plaintiff’s injury and a lack or failure of a device prescribed by Labor Law § 240 (1) (see Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d 658, 663 [2014]; Carrasco v Weissman, 120 AD3d 531, 533 [2014]; Mendez v Jackson Dev. Group, Ltd., 99 AD3d 677, 678 [2012]). In opposition, the plaintiffs failed to raise a triable issue of fact. The device identified by the plaintiffs — a pin and bracket system — was not meant to function as a safety device in the same manner as those devices enumerated in Labor Law § 240 (1), but, rather, served to support the exhibition booths once fully constructed (see Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d at 663).
 

 The defendant also demonstrated, upon renewal, its entitlement to judgment as a matter of law dismissing the Labor Law § 241 (6) cause of action. A plaintiff asserting a violation of Labor Law § 241 (6) must demonstrate that a specific and concrete provision of the Industrial Code was violated (see Misicki v Caradonna, 12 NY3d 511, 515 [2009]; Keener v Cinalta Constr. Corp., 146 AD3d 867 [2017]). Here, the defendant established, prima facie, that none of the specific and concrete provisions of the Industrial Code alleged to have been violated were applicable to the facts of this case (see 12 NYCRR 23-1.5, 23-1.7, 23-1.8, 23-1.11, 23-1.30, 23-2.1, 23-6.1, 23-6.2; see also Spence v Island Estates at Mt. Sinai II, LLC, 79 AD3d 936, 937-938 [2010]; cf. Perez v 286 Scholes St. Corp., 134 AD3d 1085, 1086 [2015]). In opposition, the plaintiffs failed to raise a triable issue of fact.
 

 However, the Supreme Court erred in granting, upon renewal, that branch of the defendant’s motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200. Labor Law § 200 codifies the common-law duty of an owner or contractor to provide employees with a safe place to work (see Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877 [1993]; Keener v Cinalta Constr. Corp., 146 AD3d 867 [2017]). Where, as here, the injured plaintiff’s accident arose not from the manner in which the work was performed, but rather from an allegedly dangerous condition at the work site, liability for a violation of Labor Law § 200 will be imposed if the general contractor had control over the work site and either created the dangerous condition or had actual or constructive notice of it (see Keener v Cinalta Constr. Corp., 146 AD3d 867 [2017]; Doto v Astoria Energy II, LLC, 129 AD3d 660, 663 [2015]).
 

 Contrary to the defendant’s contention and the Supreme Court’s conclusion, the defendant failed to establish, prima facie, that it did not serve as a general contractor or agent with control over the work site. Further, the defendant failed to demonstrate, prima facie, that it did not create the dangerous condition or have constructive notice of it. Since the defendant failed to meet its prima facie burden with regard to that branch of its motion which was to dismiss the Labor Law § 200 cause of action insofar as asserted against it, that branch of the motion should have been denied, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr, 64 NY2d 851, 853 [1985]).
 

 The defendant’s remaining contentions are not properly before this Court.
 

 Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.