Villa v East 85th Realty, LLC (2020 NY Slip Op 08103)





Villa v East 85th Realty, LLC


2020 NY Slip Op 08103


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-05764
 (Index No. 708319/14)

[*1]Luis Villa, appellant, 
v
East 85th Realty, LLC, respondent (and a third-party action).


Silberstein, Awad & Miklos, P.C., Garden City, NY (Daniel P. Miklos of counsel), for appellant.
Mulholland Minion Duffy Davey McNiff & Beyrer, Williston Park, NY (Eric N. Bailey of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered April 20, 2018. The order granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
On June 26, 2014, the plaintiff, who was employed by the third-party defendant, Capital Craftsman, Inc. (hereinafter Capital Craftsman), was installing tile in one of the bathrooms of an apartment building located in Manhattan when he fell, allegedly sustaining personal injuries. The building was owned by the defendant, East 85th Realty, LLC, and Capital Craftsman was hired to perform cosmetic renovations to vacated apartments in the building.
At the time of the accident, the plaintiff was attempting to get into a bathtub to install a piece of tile on the wall. The plaintiff stepped with his left foot onto the rim of the bathtub and, while his right foot was still on the ground outside the bathtub, his left foot slipped, causing him to fall backward.
The plaintiff commenced this action to recover damages for violations of Labor Law §§ 200, 240(1), and 241(6), and common-law negligence. After the completion of discovery, the defendant moved for summary judgment dismissing the complaint. The plaintiff opposed the motion and cross-moved for summary judgment on the issue of liability. By order entered April 20, 2018, the Supreme Court granted the defendant's motion and denied the plaintiff's cross motion. The plaintiff appeals.
We agree with the Supreme Court's determination granting those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence. "Labor Law § 200(1) is a codification of the common-law duty of an owner or general contractor to provide workers with a safe place to work" (Ortega v Puccia, 57 AD3d 54, 60; see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352).
The defendant established, prima facie, that it was not liable for a dangerous or defective premises condition, as the plaintiff did not know whether the rim of the bathtub was wet or slippery with water or another foreign substance and could not identify what caused his foot to slip (see DiSanto v Spahiu, 169 AD3d 861, 862-863; Steinsvaag v City of New York, 96 AD3d 932, 933). The defendant further established, prima facie, that it had no authority to supervise or control the manner in which the plaintiff's work was performed (see Ortega v Puccia, 57 AD3d at 61-62). In opposition, the plaintiff failed to raise a triable issue of fact.
For the same reason, we agree with the Supreme Court's determination granting that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6). Labor Law § 241(6) "requires owners and contractors to provide reasonable and adequate protection and safety for workers and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor" (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501-502 [internal quotation marks omitted]; see Davies v Simon Prop. Group, Inc., 174 AD3d 850, 853). Insofar as relevant to this appeal, the plaintiff asserted a violation of Industrial Code (12 NYCRR) § 23-1.7(d), which pertains to slipping hazards. However, since the plaintiff could not identify any wetness or other foreign substance on the rim of the bathtub that caused his foot to slip, the defendant established, prima facie, that Industrial Code (12 NYCRR) § 23-1.7(d) had no application under the circumstances presented (see Gargan v Palatella Saros Bldrs. Group, Inc., 162 AD3d 988, 990; Keener v Cinalta Constr. Corp., 146 AD3d 867, 868). In opposition, the plaintiff failed to raise a triable issue of fact.
We also agree with the Supreme Court's determination granting that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1). "Labor Law § 240(1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (McCarthy v Turner Constr., Inc., 17 NY3d 369, 374; see Corchado v 5030 Broadway Props., LLC, 103 AD3d 768, 768). The purpose of the statute is to "protect construction workers not from routine workplace risks, but from the pronounced risks arising from construction work site elevation differentials" (Runner v New York Stock Exch., Inc., 13 NY3d 599, 603; see Simmons v City of New York, 165 AD3d 725, 726).
Here, the defendant established that the plaintiff was not exposed to the type of elevation-related hazard contemplated by the statute, since the plaintiff's right foot was still on the ground, outside the bathtub, when his left foot slipped on the rim of the bathtub, causing him to fall. Thus, we agree with the Supreme Court's determination to grant that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) (see Vasiliades v Lehrer McGovern & Bovis, 3 AD3d 400, 401).
In light of our determination, we agree with the Supreme Court's determination denying the plaintiff's cross motion for summary judgment on the issue of liability.
Accordingly, the order should be affirmed.
MASTRO, J.P., CHAMBERS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court